UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:01CV2290 (MRK) |
| | : | |
| ONE PARCEL OF PROPERTY | : | |
| LOCATED AT 32 MEDLEY LANE, | : | |
| BRANFORD, CONNECTICUT, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, AND | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANTS: HAROLD E. VON HOFE, | : | |
| AND KATHLEEN M. VON HOFE] | : | |

DECLARATION IN SUPPORT OF REQUEST TO ENTER
DEFAULT AGAINST HAROLD E. VON HOFE AND KATHLEEN M. VON HOFE

1.  I am an Assistant United States Attorney and represent the Plaintiff, United States of America, in above-captioned action.

2.  On December 6, 2001, a Verified Complaint of Forfeiture was filed for the forfeiture of the Defendant Property, 32 Medley Lane, Branford, Connecticut, with all appurtenances and improvements thereon. The Complaint alleges that the Defendant Property was used or intended to be used in any manner or part to commit or to facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

3.  Pursuant to a Notice of Complaint for Forfeiture Against Real Property, any person interested in the Defendant Property were required to file a statement of interest in or right

against the property with the Clerk of the Court within thirty (30) days of the date of service of the complaint or, if applicable, not later than thirty (30) days after the date of final publication of notice of the filing of the complaint. In addition, any person having filed such a statement of interest was also required to file an answer to the complaint within twenty (20) days after the filing of the statement.

4. Notice of said forfeiture action was published in the <u>New Haven Register</u> newspaper on December 12, 19, and 26, 2001.

5. On December 10, 2001, Harold and Kathleen von Hofe were personally served by the United States Marshals Service with the Verified Complaint of Forfeiture, Lis Pendens, Notice of Complaint for Forfeiture of Real Property, Motion for Writ of Entry, Memorandum in Support of Motion for Writ of Entry, and proposed Writ of Entry.

6. On or about December 21, 2001, James F. Cirillo, Jr., Esq., filed an appearance on behalf of Harold E. von Hofe and Kathleen M. von Hofe.

7. On or about December 30, 2001, Harold E. von Hofe and Kathleen M. von Hofe, through their counsel James F. Cirillo, Jr., filed a joint Statement of Interest pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

8. On or about January 3, 2002, James F. Cirillo, Jr. filed an appearance on behalf of Harold E. von Hofe and Kathleen M. von Hofe.

9. On or about August 13, 2002, Jonathan J. Einhorn, Esq., filed an appearance on behalf of Kathleen M. von Hofe.

10. Harold E. von Hofe and Kathleen M. von Hofe have failed to file an answer or otherwise defend within the time permitted by Rule C(6)(a) of Supplemental Rules for Certain

Admiralty and Maritime Claims.

11. On March 30, 2004, Plaintiff United States of America filed its first Motion for Default Against Harold E. von Hofe and Kathleen M. von Hofe and a declaration in support thereof.

12. On April 1, 2004, the Court entered an Order for granting the Motion for Default against Harold E. von Hofe and Kathleen M. von Hofe.

13. On April 22, 2004, Kathleen M. von Hofe filed a Motion to Reopen the Default.

14. On April 28, 2004, Harold E. von Hofe filed a Motion to reopen the Default.

15. On May 4, 2004, the Court entered an Order granting the motions to reopen the defaults against Harold E. von Hofe and Kathleen M. von Hofe and directing that Answers to the Verified Complaint of Forfeiture be filed by May 24, 2004.

16. On May 25, 2004, the undersigned spoke with Jonathan J. Einhorn, Counsel for Kathleen M. von Hofe, to advise him that the Plaintiff United States has not received Kathleen M. von Hofe's Answer.

17. On May 25, 2004, the undersigned attempted to contact James F. Cirillo, Jr., Counsel for Harold E. von Hofe, to advise him that the Plaintiff United States has not received Harold E. von Hofe's Answer. The undersigned left a voice mail for Attorney Cirillo at his office but has never heard further from Attorney Cirillo concerning this matter.

18. As of July 14, 2004, Kathleen M. von Hofe has failed to file an Answer to the Verified Complaint of Forfeiture in this action.

19. As of July 14, 2004, Harold E. von Hofe has failed to file an Answer to the Verified Complaint of Forfeiture in this action.

20.    Declarant knows of no reason why a default against Harold E. von Hofe and Kathleen M. von Hofe and all other persons and entities having an interest in the Defendant Property should not now be entered.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New Haven, Connecticut on this 14th day of July, 2004.


_____                             _____
                                                    DAVID X. SULLIVAN
                                                    ASSISTANT U.S. ATTORNEY

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Declaration In Support of Request to Enter Default Against Harold E. von Hofe and Kathleen M. von Hofe has been mailed, postage prepaid, this 14th day of July, 2004, to:

James F. Cirillo, Jr., Esq.
500 E. Main Street
Suite 326
Branford, CT  06405

Jonathan J. Einhorn, Esq.
412 Orange Street
New Haven, CT  06511

 

DAVID X. SULLIVAN
ASSISTANT  U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700
FEDERAL BAR # ct03793