UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:01CV2290 (MRK) |
| | : | |
| ONE PARCEL OF PROPERTY | : | |
| LOCATED AT 32 MEDLEY LANE, | : | |
| BRANFORD, CONNECTICUT, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, AND | : | |
| | : | |
| Defendant. | : | January 14, 2005 |
| | : | |
| [CLAIMANTS: HAROLD E. VON HOFE, | : | |
| AND KATHLEEN M. VON HOFE] | : | |

PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

Plaintiff respectfully requests the Court pursuant to Rule 51 of the Federal Rules of Civil Procedure to include the attached jury instructions in charging the jury or, in the alternative, to use in substance the principles of law identified in these attached instructions in charging the jury.

                                                Respectfully submitted,

                                                KEVIN J. O'CONNOR
                                                UNITED STATES ATTORNEY


                                                _____
                                                DAVID X. SULLIVAN
                                                Assistant U.S. Attorney
                                                157 Church Street, 23d Floor
                                                New Haven, CT  06510
                                                (203) 821-3769
                                                Federal Bar # ct03793

CERTIFICATE OF SERVICE

This is to certify that I have caused a copy of the within document to be sent via electronic mail and by first class mail, postage prepaid, on this 14 day of January, 2004, to:

| | | |
|---|---|---|
| Claimants: | James F. Cirillo, Jr., Esq.<br>500 E. Main Street<br>Suite 326<br>Branford, CT  06405<br>(203) 488-9828 | (Harold von Hofe) |
| | Jonathan J. Einhorn, Esq.<br>412 Orange Street<br>New Haven, CT  06511<br>(203) 777-3777 | (Kathleen von Hofe) |

_____
DAVID X. SULLIVAN
Assistant U.S. Attorney

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1:
ACTION IN REM

    THIS IS A CIVIL ACTION IN REM, BROUGHT PURSUANT TO TITLE 21 OF THE UNITED STATES CODE, SECTION 881(a)(7), SEEKING FORFEITURE OF THE DEFENDANT REAL PROPERTY TO THE PLAINTIFF UNITED STATES. IN REM REFERS TO LEGAL PROCEEDINGS DIRECTED SOLELY AGAINST PROPERTY. THE DEFENDANT PROPERTIES IN THIS CASE CONSIST OF REAL PROPERTY LOCATED IN BRANFORD, CONNECTICUT, 32 MEDLEY LANE, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON.

    Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 6343, 680-84 (1974).

<u>PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2</u>:
APPURTENANCES AND ATTACHMENTS

"APPURTENANCES OR ATTACHMENTS" TO A PARCEL OF LAND MEANS RIGHTS THAT GO WITH THE LAND LIKE AN EASEMENT AND THINGS LIKE BUILDINGS, GARDENS, AND TREES ON THE LAND.

<u>Black's Law Dictionary</u>

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3:
PLAINTIFF'S ALLEGATION

THE PLAINTIFF, UNITED STATES OF AMERICA, HAS ALLEGED IN THE VERIFIED COMPLAINT AGAINST THE DEFENDANT REAL PROPERTY, THAT IT WAS REAL PROPERTY THAT WAS USED OR INTENDED TO BE USED TO COMMIT A VIOLATION OF FEDERAL DRUG LAWS PUNISHABLE BY MORE THAN ONE YEAR.

Verified Complaints of Forfeiture in Civil No. _____ .

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4:
CIVIL FORFEITURE: STATUTORY AUTHORITY

TITLE 21, SECTION 881(a)(7) OF THE UNITED STATES CODE PROVIDES THAT ALL REAL PROPERTY, INCLUDING ANY RIGHT, TITLE, AND INTEREST IN THE WHOLE OF ANY LOT OR TRACT OF LAND AND ANY APPURTENANCES OR IMPROVEMENTS, WHICH IS USED, OR INTENDED TO BE USED, IN ANY MANNER OR PART, TO COMMIT, OR TO FACILITATE THE COMMISSION OF A VIOLATION OF ANY TITLE 21 NARCOTICS CRIME THAT IS PUNISHABLE BY MORE THAN ONE YEAR, SHALL BE SUBJECT TO FORFEITURE TO THE UNITED STATES.

VIOLATIONS OF THE FEDERAL NARCOTICS LAWS PUNISHABLE BY MORE THAN ONE YEAR'S IMPRISONMENT INCLUDE: TO MANUFACTURE, DISTRIBUTE, OR DISPENSE, OR POSSESS WITH INTENT TO MANUFACTURE, DISTRIBUTE, OR DISPENSE, THE CONTROLLED SUBSTANCE OF MARIJUANA; AND CONSPIRACY TO COMMIT ANY OF THOSE VIOLATIONS.

21 U.S.C. § 881(a)(7); 21 U.S.C. § 841(a)(1) and (b); 21 U.S.C. § 843(b); and 21 U.S.C. § 846.

<u>               </u>PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5:
PLAINTIFF'S BURDEN OF PROOF

THE PLAINTIFF HAS THE BURDEN OF SHOWING BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT REAL PROPERTY WAS USED TO FACILITATE ILLEGAL NARCOTICS ACTIVITY PUNISHABLE BY MORE THAN ONE YEAR'S IMPRISONMENT.

IN ESTABLISHING THAT THE PROPERTY WAS USED TO FACILITATE THE ILLEGAL NARCOTICS ACTIVITY, THE PLAINTIFF HAS THE BURDEN OF SHOWING BY A PREPONDERANCE OF THE EVIDENCE THAT THERE WAS A SUBSTANTIAL CONNECTION BETWEEN THE DEFENDANT PROPERTY AND THE OFFENSE.

18 U.S.C. § 983(c)(1) & (3); <u>United States v. Mondragon</u>, 313 F.3d 862, 865 (4th Cir. 2002)

.

<u>PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6</u>:
PREPONDERANCE OF THE EVIDENCE

TO "ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN NOT SO.  IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE IN THE CASE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED, AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE, AND PRODUCES IN YOUR MIND'S BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE.

IN DETERMINING WHETHER ANY FACT IN ISSUE HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, THE JURY MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

2 Devitt & Blackmar, <u>Fed. Jury Practice and Instructions</u>, 71.13 (3d Ed. 1977)

<u>PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7</u>:
FACILITATION - SUBSTANTIAL CONNECTION

TO "FACILITATE" THE COMMISSION OF A VIOLATION OF THE DRUG LAWS MEANS TO USE THE PROPERTY IN A WAY THAT ASSISTS THE COMMISSION OF THE CRIME.

PROPERTY IS FORFEITABLE AS FACILITATING PROPERTY IF IT MAKES THE UNDERLYING CRIMINAL ACTIVITY LESS DIFFICULT, OR FREE FROM OBSTRUCTION OR HINDRANCE.

A SUBSTANTIAL CONNECTION MEANS THERE MUST BE MORE THAN AN INCIDENTAL CONNECTION BETWEEN THE PROPERTY AND THE ILLEGAL ACTIVITY, BUT THE PROPERTY NEED NOT BE INDISPENSABLE TO THE COMMISSION OF THE OFFENSE.

IT IS NOT NECESSARY FOR AN ILLEGAL NARCOTICS TRANSACTION TO TAKE PLACE ON THE PROPERTY OR FOR AN ILLEGAL NARCOTICS DEAL TO ACTUALLY BE COMPLETED FOR FACILITATION TO OCCUR.

<u>United States v. One 1979 Porsche Coupe</u>, 709 F.2d 1424, 1427 (11th Cir 1983). <u>United States v. Schifferli</u>, 895 F.2d 987, 990 (4th Cir. 1990); <u>United States v. 3639 2nd St.</u>, 869 F.2d 1093, 1096 (8th Cir. 1989); <u>United States v. One 1977 Lincoln Mark V. Coupe</u>, 643 F.2d 154, 157 (3rd Cir.) <u>cert. denied</u>, 454 U.S. 818 (1981); <u>U.S. v. One Parcel of Property Located at 2526 Faxon Ave., Memphis, Tennessee, with All Appurtenances and Improvements Thereon</u>, 145 F. Supp.2d 942 (W.D. Tenn. 2001) (following <u>Shifferli</u>, post-CAFRA amendments).

.

<u>PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8</u>:
CRIMINAL CONVICTION NOT A REQUIREMENT FOR FORFEITURE

CIVIL FORFEITURES DO NOT DEPEND UPON THE CONVICTION OF THE WRONGDOER.  THE DEFENDANT REAL PROPERTIES ARE SUBJECT TO CIVIL FORFEITURE EVEN IF THEIR OWNER OR OWNERS ARE ACQUITTED OF -- OR NEVER CALLED TO DEFEND AGAINST -- CRIMINAL CHARGES.

<u>United States v. One Clipper Bow Ketch Nisky</u>, 548 F.2d 8, 10, n.2 (1st Cir. 1977); <u>United States v. One Toyota Mark II,</u> 505 F.2d 1162 (8th Cir. 1974); <u>United States v. One 1977 Pontiac Grand Prix</u>, F. Supp. 48 (N.D. Ill. 1979).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9:
CLAIMANT'S DEFENSE - BURDEN OF PROOF

ONCE THE PLAINTIFF ESTABLISHES BY A PREPONDERANCE OF THE EVIDENCE THAT A DEFENDANT REAL PROPERTY WAS USED TO FACILITATE ILLEGAL NARCOTICS ACTIVITY, THEN THE BURDEN OF PROOF SHIFTS TO THE CLAIMANT TO PROVE A DEFENSE TO THE FORFEITURE.

TO DEFEAT THE FORFEITURE, THE CLAIMANT MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT HE/SHE IS AN INNOCENT OWNER OF THE PROPERTY.  THIS MEANS THE CLAIMANT MUST PROVE (1) THAT HE/SHE IS AN OWNER, AND (2) THAT HE/SHE IS AN INNOCENT OWNER.


18 U.S.C. § 983(d); Alli-Balogun v. United States, 281 F.3d 362, 366 (2d Cir. 2002); U.S. v. 2001 Honda Accord EX VIN #1HGCG22561A035829, 245 F. Supp.2d 602, 607 (M.D. Pa. 2003); United States v. $746,198 in U.S. Currency, More or Less, 299 F. Supp.2d 923, 932 (S.D. Iowa 2004).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10:
CLAIMANT'S DEFENSE - DEFINITION OF OWNERSHIP

AN OWNER IS DEFINED AS A PERSON WITH AN OWNERSHIP INTEREST IN THE SPECIFIC PROPERTY SOUGHT TO BE FORFEITED, INCLUDING A LEASEHOLD, A LIEN, A MORTGAGE, A RECORDED SECURITY INTEREST, OR A VALID ASSIGNMENT OF AN OWNERSHIP INTEREST.

AN OWNER DOES NOT INCLUDE A PERSON WHO EXERCISES NO DOMINION OR CONTROL OVER THE PROPERTY.

TO ESTABLISH A DEFENSE TO THE FORFEITURE, THE CLAIMANT MUST PROVE OWNERSHIP BY A PREPONDERANCE OF THE EVIDENCE.


18 U.S.C. §§ 983(d)(6)(B) & (d)(1); United States v. One Lincoln Navigator, 328 F.3d 1011, 1015 (8th Cir. 2003); United States v. $746,198 in U.S. Currency, More or Less, 299 F. Supp.2d 923, 932 (S.D. Iowa 2004).

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11:
CLAIMANT'S DEFENSE - DEFINITION OF INNOCENT OWNER

AN INNOCENT OWNER IS AN OWNER WHO EITHER: (1) DID NOT KNOW OF THE CONDUCT GIVING RISE TO FORFEITURE; OR (2) UPON LEARNING OF THE CONDUCT GIVING RISE TO THE FORFEITURE, DID ALL THAT REASONABLY COULD BE EXPECTED UNDER THE CIRCUMSTANCES TO TERMINATE SUCH USE OF THE PROPERTY.

TO ESTABLISH A DEFENSE TO THE FORFEITURE, THE CLAIMANT MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT SHE SATISFIES AT LEAST ONE OF THESE DEFINITIONS OF INNOCENT OWNER.


18 U.S.C. §§ 983(d)(2)(A) & (d)(1); United States v. Twenty One Thousand Dollars ($21,000) in U.S. Postal Money Orders, et al., 298 F. Supp.2d 597, 602 (E.D. Mich. 2003)
.

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12:
CLAIMANT'S DEFENSE - KNOWLEDGE INCLUDES WILLFUL BLINDNESS

FOR A CLAIMANT TO PROVE THAT HE/SHE DID NOT KNOW OF THE CONDUCT GIVING RISE TO FORFEITURE, THE CLAIMANT MUST ALSO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT HE/SHE WAS NOT WILLFULLY BLIND TO THAT ILLEGAL CONDUCT.

<u>United States v. Collado</u>, 348 F.3d 323, 327 (2d Cir. 2003); <u>United States v. Funds Held in the Name or for the Benefit of Wetterer</u>, 210 F.3d 96, 105 (2d Cir. 2000) <u>United States v. One 1988 Checolet 410 Turbo Prop Aircraft, Dominican Republic Registration Tail Number H1698CT</u>, 282 F. Supp.2d 1379, 1383 (S.D. Fl. 2003)

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 13:
CLAIMANT'S DEFENSE - REASONABLE EFFORTS
TO TERMINATE ILLEGAL USE OF THE PROPERTY

THE WAYS IN WHICH A CLAIMANT MAY SHOW THAT HE/SHE DID ALL THAT REASONABLY COULD BE EXPECTED TO TERMINATE THE ILLEGAL USE OF THE PROPERTY, MAY INCLUDE THE CLAIMANT'S SHOWING THAT:

(1) HE/SHE GAVE TIMELY NOTICE TO AN APPROPRIATE LAW ENFORCEMENT AGENCY OF INFORMATION THAT LED HIM/HER TO KNOW THE ILLEGAL CONDUCT WOULD OCCUR OR HAS OCCURRED; AND

(2) IN A TIMELY FASHION, HE/SHE REVOKED OR MADE A GOOD FAITH ATTEMPT TO REVOKE PERMISSION FOR THOSE CONDUCTING THE ILLEGAL CONDUCT TO USE THE PROPERTY, OR HE/SHE TOOK REASONABLE ACTIONS IN CONSULTATION WITH A LAW ENFORCEMENT AGENCY TO DISCOURAGE OR PREVENT THE ILLEGAL USE OF THE PROPERTY.

HOWEVER, A PERSON IS NOT REQUIRED TO TAKE STEPS THAT THE HE/SHE REASONABLY BELIEVES WOULD BE LIKELY TO SUBJECT ANY PERSON TO PHYSICAL DANGER, OTHER THAN THOSE COMMITTING THE ILLEGAL ACTIVITY

18 U.S.C. §§ 983(d)(2)(B); United States v. One 1988 Checolet 410 Turbo Prop Aircraft, Dominican Republic Registration Tail Number H1698CT, 282 F. Supp.2d 1379, 1381 (S.D. Fl. 2003)

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 14:
CONCLUSORY DENIAL NOT SUFFICIENT

A CLAIMANT'S MERE CONCLUSORY DENIAL OF THE DEFENDANT PROPERTY'S INVOLVEMENT IN THE ILLEGAL ACTIVITY, OR A CLAIMANT'S MERE CONCLUSORY STATEMENT OF LACK OF KNOWLEDGE IS NOT CONSIDERED SUFFICIENT TO RAISE A FACTUAL ISSUE THAT WOULD JUSTIFY THE GRANTING OF JUDGMENT FOR THE DEFENDANT.

United States v. Property Located at 15 Black Ledge Drive, 897 F.2d 97, 102 (2d Cir. 1990); United States v. One Parcel of Property Located at 138 Colton Street, 789 F. Supp. 74 (D. Conn. 1991); United States v. Currency Amounting to the Sum of Thirty Thousand Eight Hundred Dollars ($30,800.00), 555 F. Supp. 290, 283 (E.D.N.Y.), aff'd. 742 F.2d 1444 (2nd Cir. 1983).

<u>PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 15:</u>
FORFEITURE OF ENTIRE PROPERTY


THE FORFEITURE STATUTE PROVIDES THAT ALL REAL PROPERTY USED "IN ANY MANNER OR PART" TO VIOLATE FEDERAL DRUG LAWS IS FORFEITABLE. THUS EVEN WHEN ONLY A PART OF THE PROPERTY IS USED ILLEGALLY, THE STATUTE CALLS FOR FORFEITURE OF THE ENTIRE PROPERTY.


21 U.S.C. § 881(a)(7); <u>United States v. One 107.9 Acre Parcel of Land Located in Warren Township</u>, 898 F.2d 396, 400 (3d Cir. 1990); <u>United States v. A Parcel of Land with A Bldg. Located Thereon at 40 Moon Hill Road, Northbridge, Mass.</u>, 884 F.2d 41, 45 (1st Cir. 1989).