**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL NO. 3:01CV 2290 (MRK) |
| VS. | |
| ONE PARCEL OF PROPERTY LOCATED AT 32 MEDLEY LANE, BRANFORD, CT WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON | |
| (CLAIMANTS: HAROLD E. VON HOFE AND KATHLEEN M. VON HOFE) | JANUARY 17, 2005 |

**DEFENDANTS' REQUEST TO CHARGE**

The Defendants respectfully request that the Court charge the jury as follows:

1. In considering the issue of forfeiture of the Defendants' home you must consider them as separate parties. That is to say, your verdict may be different as to each Defendant, if you think it is appropriate. You must consider the claims and conduct of each Defendant independently of each other.

2. The parties have stipulated that the defendants own their home jointly with rights of survivorship. This means that each party owns an undivided one-half interest in 32 Medley Lane, Branford, CT. If you find that only one interest, that is either the husband or the wife's interest should be forfeited, you should not be concerned about the consequence of the resulting ownership being one-half with the Government and one-half with a Defendant.

3. You have heard testimony as to the alleged criminal conduct of the Defendants as well as the criminal charges to which they pled guilty in state court. If you feel that a forfeiture of the full interests of the defendants or of any one of them is disproportionate to the crime committed you may find that a forfeiture of the

full interest of the house or of a one-half interest of the house from either Defendant is not appropriate.

U.S.. vs. Bajakajian, 524 U.S. 321, (1998).

4. The evidence offered by the Government is that the Defendant Harold Von Hofe was growing 65 marijuana plants in the basement of 32 Medley Lane, Branford, CT. If you find that the Defendant Kathleen Von Hofe did not participate in this operation and was innocent of it, she should not forfeit her interest in the property. You must treat her knowledge of the facts different from the knowledge and conduct of Harold Von Hofe.

5. The Defendant Kathleen Von Hofe has testified that she had no knowledge of Harold Von Hof'e's cultivation of marijuana plants. The law allows an owner to avoid forfeiture by establishing by a preponderance of the evidence either that she had no knowledge or did not consent to the illegal activity.

U.S. vs. One Parcel of Property located at 755 Forest Road, Northford, Connecticut, 984 F2d 70, 72 (1993).

6. However, if an owner has engaged in "willful blindness" as to activities occurring on her property, her ignorance will not entitle her to avoid forfeiture. If she did know of the illegal activity, consent will be inferred unless she did all that could responsibly be expected to prevent the activity when she did learn of it.

   a. U.S. vs. 141st Street Corporation, 911 F2d 870, 878 (1990).

7. In determining whether the proposed forfeiture violates the Constitution, you must consider the following:

   1. The harshness of forfeiture in comparison to the gravity of the offense and the sentence imposed on the perpetrator.

2. The relationship between the property and the offense including whether the use of the property was important to the success of the illegal activity.

3. Whether the use of the property was deliberate and planned or merely incidental and fortuitous.

4. The role and degree of culpability of each property owner.

<u>U.S. Milbrand</u> ,58 F3rd 841, 846 (1995).

_____
JONATHAN J. EINHORN

**CERTIFICATION**

This is to certify that a true and correct copy of the foregoing was mailed, postage prepaid this 17th day of January, 2005 to:

David X. Sullivan, Esq.
Assistant U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT  06510

James F. Cirillo, Jr., Esq.
500 East Main Street
Suite 326
Branford, CT  06405

_____
JONATHAN J. EINHORN