UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL NO. 3:01CV 2290 (MRK) |
| vs. | |
| ONE OF PARCEL OF PROPERTY LOCATED AT 32 MEDLEY LANE, BRANFORD, CT et. al. | |
| (CLAIMANTS: HAROLD E. VON HOFE AND KATHLEEN M. VON HOFE) | FEBRUARY 5, 2005 |

### CLAIMANTS' TRIAL MEMORANDUM

The Claimants submit this memorandum in response to requests made by the Court on January 26, 2005 that counsel address the following specific legal issues prior to trial.

**I.  Preliminary Trial Issues**

A.  <u>Burden of Proof</u>.   Effective 8/23/00, Congress enacted the Civil Asset Forfeiture Reform Act (CAFRA) at 18 U.S.C. 983(c), which set forth the statutory burdens of proof in civil forfeiture cases. This eliminated the old requirement that the Government first present preliminary evidence sufficient for probable cause, followed by the claimant's case-in-chief and the Government's case-in-chief.

Under this "new" statute, the Government bears the burden of proving "by a preponderance of the evidence" that the property is subject to forfeiture and that the property was used to commit or facilitate a crime or was involved in a criminal offense, with a substantial connection between the property and the criminal conduct.

1

The claimant Kathleen Von Hofe has asserted the "innocent owner defense" which has also been codified by CAFRA at 18 U.S.C. 983(d), and she must prove this by a preponderance of the evidence.  In order to be successful under the innocent owner defense, the claimant either had to have no knowledge of the conduct giving rise to the forfeiture, or upon learning of it "did all that reasonable could be expected under the circumstances to terminate such use of the property." (at 983(d)(2)(ii).)

It appears the case law which adds the possibility that she could be an innocent owner even if she knew of the conduct, but did not consent to it, still pertains, even though not explicitly in CAFRA. See **United States vs. 19 and 25 Castle St**., 31 F.3d 35, 39 (2d. Cir. 1994.)

Both claimants' also defend on the basis that the seizure of their family home would be disproportionate or excessive. (See Section III., below).

      B.     <u>Verdict Form</u>. Each party has proposed Special Verdicts or Special Interrogatories for the Jury.  This Circuit has noted in **U.S. v. Roman**, 870 F.2d 65, 73 (2d Cir. 1989), that

> "where the offense charged requires proof of a specific number of predicate facts and the evidence at trial warrants it, the trial court would be well advised to submit to the jury interrogatories that would allow an assessment of whether the jury's determination of guilt rested on permissible bases."

Counsel would agree that special interrogatories are appropriate in this case. The matter is left to the Court's discretion (**U.S. v. Ogando**, 968 F.2d 146,149 (2d Cir 1992).

The Claimants would object to the Government's Verdict Form and would seek a simpler verdict, similar to that proposed by Claimants.[1]

C.    Proposed Jury Instructions.    The Claimants object to the following Proposed Jury Instructions by the Government:

    1.    Proposed Instruction No. 10: This is accurate, but hopefully the parties can stipulate to ownership and that stipulation can be read in place of this charge.

    2.    Proposed Instruction No. 14: This is based upon **U.S. v. 138 Colton Street**, 789 F.Supp 74(D.Conn 1991, Daly, J), where the claimant only offered a self-serving affidavit to oppose forfeiture. It is anticipated the Claimants here will testify and reading this charge will only serve to confuse the jury. If the Claimants do not testify it would be appropriate.

    3.    Proposed Instruction No. 15: This is inconsistent with CAFRA, unless it is read in conjunction with Claimant's requests pertaining to proportionality and excessive punishment.

D.    Appraisal:    Claimants intend to offer the appraisal on 32 Medley Lane, done by the Government, as an exhibit. This is admissible since, when considering the issue of disproportionate punishment, the jury needs to understand the value of the family home which might be forfeited. In the alternative, it is submitted that claimants can offer testimony as to the value of their premises.

E.    Prior Convictions:    The Government intends to offer the convictions of each defendant in state court on criminal charges related to the drug activities in the family home.

---

[1] Asking the jury to confirm their findings based upon a legal burden of proof would be confusing. In a criminal case, the jury is never asked, "Do you find the Defendant guilty, beyond a reasonable doubt?"

Claimants would object to this evidence as each claimant pled under the **Alford** doctrine and therefore the convictions are not admissible as admissions.[2]

### II,     The Eighth Amendment Applies to Civil Forfeiture Actions

The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., Amdt. 8.

In response to complaints about an expanding use of disproportionately severe civil forfeitures by the government, the Court unanimously held in **Austin v. U.S.** 509 U.S. 602 (1993) that civil forfeitures constitute punishment for the purposes of the Excessive Fines Clause of the Eighth Amendment. See also **U.S. v. Idowu**, 74 F.3d 387 (2d. Cir. 1996). Previously, the decision as to whether or not the taking was punishment was done on a case by case basis under **U.S. v. Halper**, 490 U.S. 435 (1989).

In **Austin**, a case where the government seized the defendant's mobile home and body shop, the court remanded the case for a determination of whether the forfeiture of Austin's property was constitutionally "excessive", but did not specifically define that issue.

### III. The Government's Forfeiture of the Claimants' Home is Constitutionally Excessive and Disproportionate to the Offenses Involved

The Eighth Amendment issue of excessive or disproportionate punishment was specifically been addressed in **U.S. v. Bajakajian**, 514 U.S. 321, 334 (1998).  In that case, the Court set the standard as follows: a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportionate to the gravity of a defendant's offense. The

---

[2] Under **North Carolina v. Alford**, 400 U.S. 25, 37-38 (1970), a defendant may enter a guilty plea and receive a sentence while still maintaining his innocence.

4

Court must make an inquiry as to the excessiveness of the forfeiture. It is submitted that because such an inquiry must a factual one, under the circumstances of each case, since this is a jury trial, a jury must determine such facts. Of course, being a civil case, the verdict is always subject the Court's setting it aside.

In **Bajakajian,** the defendant failed to report exported currency of $357,144. The District Court refused to forfeit the entire sum as requested by the government, but ordered only $15,000 of the sum forfeited. The government appealed and the Supreme Court held that the forfeiture of the entire sum would violate the Excessive Fines Clause.

On the same day **Austin** was decided, the Court wrote in **U.S. v. Alexander**, 509 U.S. 544 (1993), that proportionality review was not necessary <u>only</u> as to the Eight Amendment's prohibition against cruel and unusual punishments and <u>not</u> to its prohibition against excessive fines. Whether a fine was excessive had to be assessed in light of "the extensive criminal activities which petitioner apparently conducted…over a substantial period of time".

In a case decided three years prior to **Bajakijian,** this circuit in **U.S. v. Milbrand**, 58 F3d 841 (2d. Cir. 1995) set forth a multi-factor test for that purpose. As described in **Milbrand**, supra, at 847-848, the Court should consider at least these factors:

1. the harshness of the forfeiture (e.g. the nature and value of the property and the effect of forfeiture on innocent third parties) in comparison to (a) the gravity of the offense and (b) the sentence that could be imposed on the perpetrator of such an offense;
2. the relationship between the property and the offense, including whether use of the property in the offense was (a) important to the success of the illegal activity, (b) deliberate and planned or merely incidental and fortuitous, and (c) temporally or spatially extensive; and (3) the role and degree of culpability of the owner of the property.

CAFRA, at 18 U.S.C. 983(g), allows a claimant to petition the court to determine if the forfeiture was constitutionally excessive. That petition would be held outside of the presence of the jury and the claimant would have to prove by a preponderance of the evidence that the forfeiture would be grossly disproportionate. The Court has the authority to reduce or eliminate the forfeiture. Nothing in CAFRA discusses whether or not the claimants would be prohibited from raising the issue of disproportionate punishment before the jury, and as it is a factual issue, would seem to be required to be submitted to a jury (e.g., **Apprendi v. New Jersey**, 530 U.S. 466 (2000)). However, whether or not that punishment rises to a constitutional violation may only be determined by the Court.

CAFRA does not indicate <u>when</u> such a petition should be filed, i.e., before trial or after a verdict for the Government.

In this case, the claimant Kathleen Von Hofe pled guilty in state court under the Alford Doctrine to Possession of Marijuana. It was a misdemeanor conviction carrying a maximum $1,000.00 fine. She was not fined but was put on probation. The defendant Harold Von Hofe pled guilty to a felony, (Possession of a Controlled Substance with intent to Sell), and also did not serve time or pay a fine. Neither person received any jail time. No federal criminal charges have been brought against either defendant and none are anticipated.

Moreover, the file will indicate that the claimants made an Offer of Judgment to pay the entire value of the family home as appraised by the Government: $242,000.00. This has been refused.

Applying the facts of this case to the test set forth in **Milbrand** results in this analysis:

1. The House is worth $242,000.00 and the statutory maximum fine of the Claimant Kathleen Von Hofe for her misdemeanor offense, (if one was ordered paid), would have been only $1,000.00[3];

2. Only the basement was used for growing marijuana.[4] Some butts and ketamine (a drug used in marijuana), were found in the two upstairs bedrooms of the children. None of the remaining rooms or the land were used for any alleged criminal purpose;

3. Both claimants and their children (innocent third parties for the purpose of this forfeiture action), stand to lose their family home;

4. The Government has refused the claimants' offer to pay the appraised value of 42 Medley lane as a forfeiture, insisting on taking the home instead[5];

5. The illegal substance involved was marijuana, a substance often argued is a candidate for de-criminalization, and one treated more lightly under the Sentencing Guidelines.

Under these circumstances, the government's attempts at forfeiture have crossed the line into disproportionate punishment or an excessive fine, in violation of the Eighth Amendment.

---

[3] In Milbrand, at 844, the severe federal criminal penalties provided a reason for the forfeiture of the entire property. Such was not the case here.
[4] In Milbrand, at 844, the court found that "the entirety of the defendant property [was used] to further his advanced drug enterprise." Such was not the case here.
[5] The Claimants would ask the Court to take judicial notice of the Offer of Judgment, as on file.

The instant case involves a stronger issue than the taking of mere money or investments: This is the claimants' home. "At stake in this and many other forfeiture cases are the security and privacy of the home and those who take shelter in it." **U.S. v. Good**, 510 U.S. 43, 62 (1993). This case can easily be viewed as punitive, since the government has refused the claimants' Offer of Judgment, which would allow them to keep the home while paying the government its valuation of it.

A number of courts have refused to order forfeiture of family residences which were used for drug sales and have stressed the harshness of taking away the family home and high degree of protection historically given to the homestead. **U. S. v. 829 Calle de Madero**, 100 F.3d 734, 738-739 (10th Cir. 1996).

Of note is **United States v. Real Property at 835 Seventh St**., 820 F.Supp 688 (N.D.N.Y. 1993) where the District Court ruled that a forfeiture of a family residence for a seven-gram marijuana sale on the premises and possession of another six ounces hidden inside the residence violated the Cruel and Unusual Punishment Clause of the Eighth Amendment. The Government argued that the maximum fine could have been $250,000.00, and the equity in the house was $69,778.00. The Court's analysis was based upon the proportionality concept.

Although the Government may argue that the claimant Kathleen Von Hofe's culpability is irrelevant to the excessiveness question, that contention has been dispelled by the Court in **Bajakajian**.

C.      **Evidence of Claimants' "Spiritual" beliefs**

At Claimants' depositions, it became apparent that the Claimant Harold Von Hofe has used various drugs in the past and that he, as well as other family members

8

occasionally practice spiritual ceremonies pertaining to the seasons. Their backyard has a wooden structure approximating that of Stonehenge. Photographs and a video of the family home taken by the Government show certain symbols on floors and walls which may relate to these beliefs. The defendant Harold Von Hofe has also written extensively about certain intellectual practices, some of which are out of the Christian mainsteam of America (i.e. ancient Canaanite rituals).

None of these "religious", intellectual or spiritual matters are relevant to the issues of this case, and if introduced are quite prejudicial to Claimants. Testimony as to these issues will likely inflame the jury against them and preclude a fair and impartial trial. Issues as to growing marijuana in the home and the innocence of Kathleen Von Hofe have nought to do with their spiritual activities.

Rule 403 of the F.R.of Civ.Pro. would allow the Court to exclude this evidence if it probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury…" It is not agreed that this evidence is relevant, although there is a possibility that it might be offered at some point in the trial. The risk of allowing the same is substantial. While the Government has indicated that it does not intend to elicit such testimony, witnesses should be cautioned not to broach these subjects.

No limiting instruction could prevent the potential prejudice to Claimants from the introduction of such evidence: It is so inflammatory that if introduced it is likely that the jury would focus on it over and above other testimony at trial.

Similarly, evidence as to the Claimant Harold Von Hofe's character, i.e., pertaining to his beliefs as to drug use and his history with numerous controlled

substances should be excluded under Rule 404(a) of the F.R.Civ.Pro. The Government has not given any notice of the proposed use of any 404(b) evidence, so that the same is not anticipated.

### IV.    Conclusion

In this case the Government is doing exactly what the Court feared in **Halper**, supra, at 451, n.10. Unsatisfied by the punishment levied against the defendants in the Connecticut Superior Court, it seeks a second punishment, in this subsequent federal action. This is particularly apparent here, where the claimants have unsuccessfully proffered the entire value of their home to government, which nonetheless insists on pursuing the extraordinarily punitive course of seeking the real property instead.

While the war on drugs requires certain weapons in the government's arsenal, "the constitution must never be made a casualty of this war." **U. S. v. Millan**, 2 F.3d 17, 21 (2d. Cir. 1993). As recited in **U.S. v. $31,990 in U.S. Currency**, 982 F.2d 851, 856 (2d. Cir. 1993), "Forfeiture is a 'harsh and oppressive procedure' which is not favored by the courts."

```
                            THE CLAIMANTS
                            KATHLEEN VON HOFE

                            BY_____
                            JONATHAN J. EINHORN, Esq.
                            412 Orange Street
                            New Haven, CT. 06511, (203-777-3777)



                            HAROLD E. VON HOFE

                            BY_____
                            JAMES F. CIRILLO, Esq.
                            500 E. Main Street, Suite 326
                            Branford, CT. 06405, (203-488-9828)
```

10

## CERTIFICATION

      I hereby certify that I placed a copy of this pleading in the U.S. Mails, postage prepaid, on February 7, 2005, addressed to David X. Sullivan, Esq., AUSA, 157 Church Street, 23rd Floor, New Haven, CT.


_____
JONATHAN J. EINHORN