UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:01CV2290 (MRK) |
| | : | |
| ONE PARCEL OF PROPERTY | : | |
| LOCATED AT 32 MEDLEY LANE, | : | |
| BRANFORD, CONNECTICUT, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, AND | : | |
| | : | |
| Defendant. | : | February 7, 2005 |
| | : | |
| [CLAIMANTS: HAROLD E. VON HOFE, | : | |
| AND KATHLEEN M. VON HOFE] | : | |

**GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE TO
CLAIMANTS' AMENDED ANSWERS AND SECOND SPECIAL DEFENSE**

**I.      BACKGROUND**

On January 19, 2005, Claimant Kathleen von Hofe filed Amendment to Answer and Special Defense adding an additional special defense that forfeiture of her interest in the Defendant property at 32 Medley Lane, Branford, Connecticut would be a violation of the Excessive Fines Clause of the Eighth Amendment.  On January 31, 2005, Claimant Harold von Hofe filed an amendment to his original answer, adding a special defense asserting that forfeiture of his interest in the Defendant property would be "disproportionate to the crime charged" in violation of the Eighth Amendment.

In <u>Austin v. United States</u>, 509 U.S. 602 (1993), the Supreme Court held that a civil forfeiture action brought pursuant to 21 U.S.C. § 881 (a)(7) is subject to the Excessive Fines Clause of the Eight Amendment to the United States Constitution. To determine whether a forfeiture constitutes an excessive fine for purposes of forfeiture, the court must determine whether the forfeiture is "grossly disproportionate to the gravity of the defendant's offense." <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998). This requires the court to balance the seriousness of the offense against the harshness of the forfeiture. <u>United States v. 154 Manley Road</u> 4 F. Supp.2d 65, 69 (D.R.I. 1998).

## II.     ARGUMENT

### A.     Challenges to Forfeiture Pursuant to the Eighth Amendment Are Considered By The Court Post-Verdict

The Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202 (2000), effective August 23, 2000, provides, at 18 U.S.C. § 983(g):

> (1) The claimant under subsection (a)(4) may petition the court to determine whether the forfeiture was constitutionally excessive.
>
> (2) In making this determination, the court shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture.
>
> (3) The claimant shall have the burden of establishing that the forfeiture is grossly disproportional by a preponderance of the evidence at a hearing conducted by the court without a jury.

Only after the Government prevails at trial, may the Claimants, Kathleen von Hofe and Harold von Hofe ("Claimants"), petition the Court to determine whether the jury's verdict of forfeiture violates the Eighth Amendment. Their Special Defenses recited in their respective Amended Answers to the Verified Complaint of Forfeiture are part of the record in this case and

are preserved for post-trial consideration by the Court. Further, it is the Court, <u>not</u> the jury, that shall compare the forfeiture to the underlying criminal activity found to have occurred at the Defendant property. At a hearing conducted by the Court, without a jury, the Claimants, <u>not</u> the Government, must establish that the forfeiture was "grossly disproportional by a preponderance of the evidence."

      B.    <u>If The Maximum Statutory Fine Exceeds The Value of The Forfeited Property, an Eighth Amendment Excessive Fines Argument is Per Se Barred</u>

In <u>United States v. Bajakajian</u>, 524 U.S. 321, 118 S. Ct. 2028 (1998), aff'g 84 F.3d 334 (9th Cir. 1996), it was held that "[t]he amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." <u>id. at 334.</u> A "punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." <u>id.</u> "Excessive means surpassing the usual, the proper, or a normal measure of proportion." <u>id. at 335.</u>

A leading case is <u>United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.</u>, 175 F.3d 1304, 1309 (11th Cir. 1999). The Court of Appeals affirmed a forfeiture of real estate valued at $70,000, from a drug seller who was involved in sales valued at total of $3,250. The Court rejected the Eighth Amendment claim, reasoning:

> Congress . . . in enacting criminal laws, has specified the maximum permissible fine for a given offense. . . [I]ts pronouncements regarding the appropriate range of fines for a crime represent the collective opinion of the American people as to what is and is not excessive. . . Consequently, <u>if the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional</u>.

175 F.3d at 1309 (emphasis supplied).  In a footnote to this section, the Court stated further, "[r]elatedly, the fact that a forfeiture within the congressionally mandated range of fines is presumptively constitutional does not mean that a forfeiture outside of that range is presumptively unconstitutional. . . A forfeiture far in excess of the statutory fine range, however, is likely to violate the Excessive Fines Clause.  Id., n.9.  Further, the personal characteristics of the owner, the character of his/her property, and the value of any remaining assets are irrelevant. id. at 1311.

See also United States v. Riedl, 164 F.Supp.2d 1196, 1199 (D. Hawaii 2003) ("If the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional.").  Cf.  United States v. Mackay, 221 F.Supp.2d 1106, 1110 (N.D. Cal. 2002) (rejecting Eighth Amendment challenge to $729,454.92 total of penalties and treble damages assessed in False Claims Act case involving false medicare billing, relying in part on "availability of other penalties and the maximum penalties that could have been imposed," and reasoning "[t]he fact that the civil penalty and treble damage award requested by the Government and ultimately entered by the Court are far below the amounts which could have been imposed supports the conclusion that the judgment is not grossly disproportionate to the gravity of [defendant]'s conduct . . . civil penalty awards in which the amount of the award is less than the statutory maximum do not run afoul of the Excessive Fines Clause.").  United States v. Sherman, 262 F.3d 784 (8th Cir. 2001) (forfeiture of residence not excessive where value of house ($750,000) was less than the maximum fine under the

Sentencing Guidelines; following Wilton Manors, infra); see also United States v. 3814 Thurman Street, 164 F.3d 1191 (9th Cir. 1999) (civil forfeiture case) (forfeiture of proceeds of false bank loan application, or property traceable thereto, is excessive where bank suffered no loss)("'In considering an offense's gravity, the other penalties that the Legislature has authorized are certainly relevant evidence,' as are the maximum penalties that could have been imposed under the Sentencing Guidelines.  Bajakajian suggests that the maximum penalties under the Guidelines should be given greater weight than the maximum penalty authorized by statute, because the Guidelines take into consideration the specific level of culpability of the offender.";

1. Had Harold Von Hofe Been Convicted Federally for Possession of Marijuana With Intent to Distribute, the Statutory Fine Would Have Exceeded the Value of the Defendant Property

Forfeiture of the Claimants' interest in the Defendant property does not meet the "gross disproportionality" standard of Bajakajian when considering the maximum federal criminal penalty for Harold von Hofe's illegal narcotics activities would be a term of imprisonment of 16 months and a million dollar fine.

For the manufacture of 65 marijuana plants at the Defendant property with the intent to distribute or dispense, in violation of 21 U.S.C. § 841(a), Harold von Hofe's statutory maximum fine would be one million dollars as provided in § 841(b).  Through the United States Sentencing Guidelines, Harold von Hofe would begin at a level 14 as provided in U.S.S.G. §2D1.1. Assuming he would receive a two level downward adjustment for acceptance of responsibility,

and that he has no prior criminal history, Harold von Hofe would be in Zone C, at an offense level of 12. His maximum sentence would be 16 months. When considering the maximum fine he would be subject to federally under the Guidelines, U.S.S.G. §5E1.2(c)(4) reveals that the maximum fine is established by the statute (§ 841), which is one million dollars.

### III.  CONCLUSION

For the reasons set forth above, the Plaintiff, United States of America respectfully represents that forfeiture of the entire Defendant property is appropriate and not in violation of the Excessive Fines Clause of the Eighth Amendment. Further, this is a matter for the Court's consideration after the jury returns a verdict of forfeiture in favor of the Government.

>    Respectfully submitted,
>    KEVIN J. O'CONNOR
>    UNITED STATES ATTORNEY
>
>
>    DAVID X. SULLIVAN
>    ASSISTANT U.S. ATTORNEY
>    P.O. BOX 1824
>    NEW HAVEN, CT  06508
>    (203) 821-3700
>    CT03793

CERTIFICATE OF SERVICE

      This is to certify that I have caused a copy of the within document was sent via regular, postage, prepaid, on this 7th day of February, 2005, to:

Claimants:   James F. Cirillo, Jr., Esq.   (Harold von Hofe)
500 E. Main Street
Suite 326
Branford, CT  06405
(203) 488-9828

Jonathan J. Einhorn, Esq.   (Kathleen von Hofe)
412 Orange Street
New Haven, CT  06511
(203) 777-3777

_____
DAVID X. SULLIVAN
Assistant U.S. Attorney