UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:01CV2290 (MRK) |
| | : | |
| ONE PARCEL OF PROPERTY | : | |
| LOCATED AT 32 MEDLEY LANE | : | |
| BRANFORD, CONNECTICUT, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, | : | |
| | : | |
| Defendant. | : | February 7, 2005 |
| | : | |
| [CLAIMANTS: HAROLD E. VON HOFE | : | |
| AND KATHLEEN M. VON HOFE] | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT
OF ADMISSIBILITY OF SPIRITUAL EVIDENCE**

**Background**

Plaintiff United States of America ("Plaintiff") brought this instant forfeiture action against the above-referenced Defendant Property. Part of the basis for this action was the discovery of two indoor marijuana grows, totaling sixty-five plants, found in the basement of the Defendant Property. The Claimants in this case are Harold and Kathleen von Hofe, owners of the Defendant Property. Claimant Kathleen von Hofe has asserted an innocent owner defense, claiming that she was unaware of the marijuana grows located in her house.

The two marijuana grows were located in the basement of Defendant Property. More specifically, the grows were found in direct proximity to what the Claimants refer to as their "meditation room." In that room, located near the Claimants' downstairs bedroom, engaged in

various meditative and spiritual rituals. Claimants similarly performed spiritual rituals in the backyard of Defendant Property in an area they refer to as "wood henge". Claimant Kathleen von Hofe participated in these practices at both locations. Harold von Hofe's website contains a photograph of his wife Kathleen von Hofe wearing a headdress that was found in the meditation room where the marijuana grow was located by law enforcement when the search warrant was executed. Harold von Hofe testified that his wife's spiritual name is "Danu" and that she would engage in spiritual rituals. (Harold von Hofe deposition at 63-64; attached hereto). Harold von Hofe has testified in his deposition that he has used marijuana and other drugs throughout his life in furtherance of his spiritual quest. (Harold von Hofe deposition at 43-44, 51-52). This is all relevant to Kathleen von Hofe's awareness of her husband's life long marijuana habit and its nexus to the spiritual activities in which she too participates.[1] Claimants have argued that any reference to these spiritual activities could prejudice the jury.

Plaintiff believes that this evidence is relevant and highly probative and greatly outweighs any prejudicial effect the von Hofes' spiritual practices or beliefs may present. The Government does not profess to understand or to attempt to characterize these spiritual practices other than to offer Harold von Hofe's use of drugs as part of his spiritual journey. Kathleen von Hofe's claim that she was never aware of the growth of the marijuana at the Defendant Property is a central issue of this case. Evidence of these spiritual practices places Kathleen von Hofe at a downstairs location in the Defendant Property just a few feet from bright lights, noise and odor associated

---

[1]The government is not claiming that Kathleen von Hofe used marijuana or any other drugs in these spiritual practices. However, her husband has admitted to daily use of marijuana (Harold von Hofe deposition at 20) and that he routinely used drugs as part of his spiritual journey (Harold von Hofe deposition at 43-44, 51-52).

with indoor marijuana cultivation. It also provides a link between marijuana use and the spiritual practices of Harold von Hofe, her husband of more than twenty years. This is highly probative evidence when the jury considers Kathleen von Hofe's alleged ignorance of rampant marijuana use (marijuana was found in plain view) and cultivation in the home and as well as her willful blindness to these illegal activities. While the government believes this evidence is admissible and appropriate for its case in chief, it does not intend to introduce it at that time. The Government's burden is to establish a substantial connection between the illegal activity and the Defendant property. If the Government meets this burden, the it is incumbent upon the Claimants to establish a viable innocent owner defense. To that end, if Kathleen von Hofe attempts to minimize her presence in the meditation room while presenting her innocent owner defense, the government will delve into this subject matter on cross-examination and through rebuttal witnesses. Neighbors have observed the von Hofe family, including Kathleen von Hofe, participated in these rituals on a monthly basis.

 Pursuant to Fed. Rule Evid. 611(b), cross-examination is a chance to delve into matters regarding the credibility of a witness. Plaintiff has proof that Harold von Hofe, under oath, was untruthful on at least two occasions regarding any aliases that he uses. In both his sworn interrogatory responses and the first half of his deposition, Harold von Hofe denied using any different names. Only when confronted with his spiritual name of "Frater IDOMME", does Von Hofe admit to using an alias. In fact, von Hofe was afforded the opportunity during his deposition to change any of his answers before the alias was introduced. This is clearly an issue that goes to von Hofe's credibility as a witness and should be available for use by the government.

**Discussion**

The government's evidence is clearly relevant. Fed. R. Evid. 401 defines relevant evidence as "having any tendency to make the existence of any fact that is a consequence to the determination of the action more probable or less probable then it would without the evidence."

For evidence to be relevant, it "need not conclusively decide the ultimate issue in a case, nor make the proposition appear more probable, but it must in some degree advance the inquiry." EEOC v. Indiana Bell Elec. Co., 256 F.3d 516, 533 (7th Cir. 2002)(internal citation omitted). Further, the "exclusion of relevant evidence should be used sparingly". id.  All relevant evidence is admissible.....Fed. R. Evid. 402. "The Rule's [402] basic standard...is a liberal one." Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 587, 113 S.Ct. 2786, 2794 (1993).

Fed. R. Evid. 403 allows for exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence". Plaintiff's limited, contingent use of evidence that may reveal certain spiritual practices of the Claimants does not create an unfair prejudice, confuse the issues or mislead the jury. Any prejudice that could arise would be greatly outweighed by the probative value of showing Claimant Kathleen von Hofe's proximity to the illegal activity occurring at the Defendant Property. "A trial court has broad discretion in determining whether proffered evidence should be admitted....and in general the absence of a significant showing of unfair prejudice, evidence with substantial probative value should not be excluded." Gentile v. County of Suffolk, 921 F.2d 142, 151 (2d Cir. 1991)(internal citations omitted).    "Evidence must be excluded under Rule 403 if there is a genuine risk disproportionate to the probative value of the

offered evidence that the emotions of a jury will be excited to irrational behavior." <u>United States v. Smallwood</u>, 306 F. Supp. 2d 582, 588 (E.D. Va. 2004) citing <u>United States v. Wells</u>, 163 F.3d 889, 896 (4th Cir. 1998).  The danger of the government's evidence causing the jury's sensibilities to deviate to this extreme are remote.

    For the foregoing reasons, Plaintiff respectfully submits that the evidence conforms to the Federal Rules of Evidence and requests the Court to allow the introduction of this conditional physical evidence described above.

                                        UNITED STATES OF AMERICA

                                        KEVIN J. O'CONNOR
                                        UNITED STATES ATTORNEY

By:   DAVID X. SULLIVAN
       ASSISTANT U.S. ATTORNEY
       P.O. BOX 1824
       NEW HAVEN, CT   06508
       (203) 821-3700
       FEDERAL BAR # ct03793

       ATTORNEY FOR THE PLAINTIFF
       UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Brief re: Admissibility of Certain Evidence has been mailed, postage prepaid, on this 7th day of February 2005, to:

Jonathan J. Einhorn, Esq.
412 Orange Street
New Haven, CT 06511

James F. Cirillo, Esq.
500 East Main Street, Suite 208
Branford, CT 06405

_____
DAVID X. SULLIVAN
ASSISTANT U.S. ATTORNEY