UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:01CV2290 (MRK) |
| | : | |
| ONE PARCEL OF PROPERTY | : | |
| LOCATED AT 32 MEDLEY LANE, | : | |
| BRANFORD, CONNECTICUT, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, AND | : | |
| | : | |
| Defendant. | : | February 7, 2005 |
| | : | |
| [CLAIMANTS: HAROLD E. VON HOFE, | : | |
| AND KATHLEEN M. VON HOFE] | : | |

## GOVERNMENT'S OBJECTION
## TO CLAIMANT'S PROPOSED VERDICT FORM

Plaintiff, United States of America objects to the proposed verdict form submitted by the Claimant, Kathleen von Hofe because it is confusing and does not accurately address the role of a jury in a civil asset forfeiture case.

1. Kathleen von Hofe and Harold von Hofe are "claimants," not "defendants" as they referenced throughout the claimant's proposed verdict form.

2. Claimant's first interrogatory simply asks the jury to reach a verdict without providing any standards upon which to deliberate, completely omitting any reference to the innocent owner defense.

3. Claimant's second interrogatory asks the jury to deliberate on amount to be forfeited. This is not the role of a jury in a civil asset forfeiture case. The Government seeks forfeiture of the entire property. The jury must first determine whether the Government

has proven a "substantial connection" between the Defendant property and the illegal activity. If the Government satisfies that burden, the Claimant's innocent owner defense must be considered by the jury. If something less than the entire property should be forfeited, the Court shall make that determination, post-jury verdict.

The Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202 (2000), effective August 23, 2000, provides, at 18 U.S.C. § 983(g):

(1) The claimant under subsection (a)(4) may petition the court to determine whether the forfeiture was constitutionally excessive.

(2) In making this determination, the court shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture.

(3) The claimant shall have the burden of establishing that the forfeiture is grossly disproportional by a preponderance of the evidence at a hearing conducted by the court without a jury.

4. Claimant's third interrogatory is misplaced as that is the first issue a jury must address before considering the innocent owner defense. This will only confuse the jury.

    Respectfully submitted,
    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY

    DAVID X. SULLIVAN
    ASSISTANT U.S. ATTORNEY
    P.O. BOX 1824
    NEW HAVEN, CT  06508
    (203) 821-3700
    CT03793

CERTIFICATE OF SERVICE

      This is to certify that I have caused a copy of the within document was sent via regular, postage, prepaid, on this 7th day of February, 2005, to:

| | | |
|---|---|---|
| Claimants: | James F. Cirillo, Jr., Esq.<br>500 E. Main Street<br>Suite 326<br>Branford, CT  06405<br>(203) 488-9828 | (Harold von Hofe) |
| | Jonathan J. Einhorn, Esq.<br>412 Orange Street<br>New Haven, CT  06511<br>(203) 777-3777 | (Kathleen von Hofe) |

                                                DAVID X. SULLIVAN<br>                                                Assistant U.S. Attorney