UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:01CV2290 (MRK) |
| | : | |
| ONE PARCEL OF PROPERTY | : | |
| LOCATED AT 32 MEDLEY LANE, | : | |
| BRANFORD, CONNECTICUT, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, AND | : | |
| | : | |
| Defendant. | : | February 7, 2005 |
| | : | |
| [CLAIMANTS: HAROLD E. VON HOFE, | : | |
| AND KATHLEEN M. VON HOFE] | : | |

**GOVERNMENT'S OBJECTIONS
TO DEFENDANTS' REQUEST TO CHARGE**[1]

Plaintiff, United States of America objects to Claimants proposed charges numbers: one; two; three; four; and seven for the reasons provided below.

1. Government's object to Claimants' propose charge number one. "Claimants" are not "Defendants" as recited in the proposed charge. Further, Claimants fail to provide any legal authority in support thereof.

2. Government's object to Claimants' propose charge number two. The parties have not stipulated that the Claimants own the Defendant property "jointly with rights of survivorship." The stipulation between the parties is the following, "[a]s of December 4, 2001, Harold von Hofe and Kathleen von Hofe were the sole owners of the defendant

---

[1] Claimants' proposed jury instructions are captioned "Defendants' Request to Charge" which incorrectly identifies their role as parties in this action.

property, 32 Medley Lane, Branford, Connecticut." The Claimants have a burden at trial to establish that they are in fact "owners" of the Defendant property. See 18 U.S.C. § 983(d)(2); see also United States v. $557,933.89, More or Less in U.S. Funds, 287 F.3d 66, 77 (2d Cir. 2002). In an effort to streamline the trial, the Government proposed this stipulation to the Claimants. Anything beyond the stipulation of "sole ownership" is a matter of Connecticut State law. The Claimants have failed to provide legal authority in support thereof.

Further, to suggest that the jury may forfeit only half of the Defendant property is contrary to the applicable statutory law. The applicable forfeiture statute, 21 U.S.C. § 881(a)(7), provides that all real property used "in any manner or part" to violate federal drug laws is forfeitable. Thus even when only a part of the property is used illegally, the statute calls for forfeiture of the entire property. United States v. One 107.9 Acre Parcel of Land Located in Warren Township,, 898 F.2d 396, 400 (3d Cir. 1990). Any post-verdict issues concerning the 8th Amendment are not jury concerns. See 18 U.S.C. § 983(g).

3. Government's object to Claimants' propose charge number three. This is not the role of a jury in a civil asset forfeiture case. The Government seeks forfeiture of the entire property. The jury must first determine whether the Government has proven a "substantial connection" between the Defendant property and the illegal activity. If the Government satisfies that burden, the Claimant's innocent owner defense must be considered by the jury. If something less than the entire property should be forfeited, the Court shall make that determination, post-jury verdict. See 18 U.S.C. § 983(g). Further, Civil forfeitures do not depend upon the conviction of the wrongdoer.

4. Government's object to Claimants' propose charge number four. Kathleen von Hofe has

        not been accused of participating in the cultivation of marijuana at the Defendant property. The defendant property is subject to civil forfeiture even if its owner is acquitted of, or never called to defend against, criminal charges. <u>United States v. One Assortment of 89 Firearms</u>, 465 U.S. 354, 366 (1984); <u>United States v. One Clipper Bow Ketch Nisku</u>, 548 F.2d 8, 10 n.2 (1st Cir. 1977).

5.    Government's object to Claimants' propose charge number seven. This is not the role of a jury in a civil asset forfeiture case. Any issues concerning the 8th Amendment are to be considered by the Court, not a jury, post-verdict. Claimants' reliance on <u>U.S. v. Milbrand</u> (decided in 1995) was addressed by Congress in the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202 (2000), effective August 23, 2000. <u>See</u> 18 U.S.C. § 983(g).

                                                Respectfully submitted,
                                                KEVIN J. O'CONNOR
                                                UNITED STATES ATTORNEY

                                                DAVID X. SULLIVAN
                                                ASSISTANT U.S. ATTORNEY
                                                P.O. BOX 1824
                                                NEW HAVEN, CT  06508
                                                (203) 821-3700
                                                CT03793

CERTIFICATE OF SERVICE

      This is to certify that I have caused a copy of the within document was sent via regular, postage, prepaid, on this 7th day of February, 2005, to:

Claimants:    James F. Cirillo, Jr., Esq.    (Harold von Hofe)
               500 E. Main Street
               Suite 326
               Branford, CT  06405
               (203) 488-9828

               Jonathan J. Einhorn, Esq.    (Kathleen von Hofe)
               412 Orange Street
               New Haven, CT  06511
               (203) 777-3777

                                                  DAVID X. SULLIVAN
                                                  Assistant U.S. Attorney