UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | :   NO.   3:01cv2290 (MRK) |
| | : |
| v. | : |
| | : |
| ONE PARCEL OF PROPERTY | : |
| LOCATED AT 32 MEDLEY LANE, | : |
| BRANFORD, CONNECTICUT, | : |
| WITH ALL APPURTENANCES AND | : |
| IMPROVEMENTS THEREON, | : |
| | : |
| Defendant. | : |
| | : |
| [CLAIMANTS: HAROLD E. VON HOFE | : |
| AND KATHLEEN M. VON HOFE] | : |

## RULING AND ORDER

In this civil forfeiture action under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, the United States claims that the named property (the "Defendant Property") had a substantial connection to illegal narcotics activity, principally the cultivation and sale of marijuana. Claimant Kathleen Von Hofe asserts an "innocent owner" and other defenses under CAFRA. *See* 18 U.S.C. § 983(d). At the final pretrial conference and in later submissions the parties have addressed the issue of admissibility of evidence that the Claimants participated in certain alleged meditative and spiritual rituals that involved marijuana and/or took place in or around the areas where marijuana was allegedly cultivated in the Claimants' home. *See* Government's Mem. in Supp. of Admissibility of Spiritual Evidence [doc. #52]. Claimants

1

have objected under Rule 403 of the *Federal Rules of Evidence* to any reference by the Government to such meditative or spiritual practices. In the Claimants' view, any such reference is of little or no relevance and has great potential to prejudice the jury against them. *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."). At the final pretrial conference and in a recent memorandum, the Government represented to the Court and the Claimants' counsel that it does not intend to introduce such evidence in its case-in-chief, but the Government reserved its right to delve into this subject matter on cross-examination of Kathleen von Hofe and through rebuttal witnesses "if Kathleen von Hofe attempts to minimize her presence in the mediation room on cross-examination." Government's Mem. in Supp. of Admissibility of Spiritual Evidence [doc. #52], at 3.

   The purpose of this ruling is to provide the lawyers with guidance on this issue. The Court agrees with the Government that evidence of the Claimants' spiritual and meditative practices has no relevance to the Government's initial burden of showing by a preponderance of the evidence that the Defendant Property is subject to forfeiture and had a substantial connection to illegal narcotics activity. *See* 18 U.S.C. §§ 983(c)(1) & 983(c)(3). Therefore, the Court expects that the Government will honor its commitment not to elicit testimony regarding such spiritual or meditative practices in its direct case and the Court also expects the Government to make no reference to such practices in its opening statement to the jury.

   Whether the Government will be entitled to delve into those matters on cross-examination or in rebuttal will have to await the testimony at trial. The Court sees no reason to rule definitively on that issue in the abstract. Certainly, the Court can conceive of situations

where the direct testimony of Ms. von Hofe or others might open the door to, and make relevant, questions about her attendance at certain spiritual or meditative sessions. In such a situation, the Court would be required to weigh the probative value of the particular line of questioning the Government sought to elicit against the possible prejudice to the Claimants – prejudice that might be ameliorated by an appropriate cautionary instruction. *See United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir. 2004) ("[T]he district court retains broad discretion to weigh potential prejudice against probative value."); *see also United States v. Everett*, 825 F.2d 658, 661 (2d Cir. 1987) (acknowledging a district court's use of cautionary instructions regarding how the jury was to consider relevant, yet potentially prejudicial, evidence).

That said, the Court has some concern as to the likely relevance of the particular reasons why Ms. von Hofe or her husband frequented certain portions of their home where marijuana was allegedly cultivated, and/or precisely what they did while at those locations. It may well be that the Government can satisfactorily establish Ms. von Hofe's presence for extended periods in certain portions of their home where marijuana was visible or grown without the need to elicit testimony that she was present at those locations in order to attend a spiritual or meditative session. Also, assuming that it is relevant to any issue in this case, one would think that the Government could establish Ms. von Hofe's alleged knowledge of "her husband's lifelong marijuana habit" without the need to explore the von Hofes' alleged spiritual names, headgear, beliefs and clothing, all of which the Court believes could well have a prejudicial effect with the jury. Government's Mem. in Supp. of Admissibility of Spiritual Evidence [doc. #52], at 2.

As stated previously, the Court will refrain from issuing a final ruling on these matters until the need to do so actually arises during the course of trial. However, the Government is

cautioned not to refer to the von Hofe's alleged spiritual practices and rituals without the consent of the Court. In particular, if the Government believes that it will need to refer to such matters in connection with the examination of any witness, the Government shall so inform the Court and the Claimants' attorneys outside the presence and hearing of the jury. The Court will then make a ruling regarding (1) the propriety of the particular line of questioning that the Government seeks to conduct, and (2) what cautionary instructions, if any, would be appropriate if the questioning were allowed to go forward.

                IT IS SO ORDERED.

/s/    Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: <u>February 9, 2005</u>**