FILED

2005 FEB 10 P 1: 48

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil No. 3:01CV2290 (MRK) |
| ONE PARCEL OF PROPERTY LOCATED AT 32 MEDLEY LANE, BRANFORD, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, AND | : |
| Defendant. | : February 10, 2005 |
| [CLAIMANTS: HAROLD E. VON HOFE, AND KATHLEEN M. VON HOFE] | : |

## GOVERNMENT'S RESPONSE TO CLAIMANTS' FEBRUARY 5TH TRIAL MEMORANDUM

**I.   Preliminary Trial Issues**

  **A.   Burden of Proof**

1.   Claimant Kathleen von Hofe has asserted an innocent owner defense. She testified in her deposition that she had never seen marijuana plants in her home prior to December 4, 2001. Kathleen von Hofe deposition at pp. 39 and at 44-45, attached hereto as Exhibit A. Based upon her sworn statements, Kathleen von Hofe cannot claim pursuant to 18 U.S.C. §§ 983(d)(2)(A)(ii) she had knowledge of the marijuana grow and took all reasonable steps to terminate such use at the property.

**B.     Verdict Form**

2.  Claimants maintain that "asking the jury to confirm their findings based upon a legal burden of proof would be confusing. In a criminal case, the jury is never asked, 'Do you find the Defendant guilty beyond a reasonable doubt.'" See Claimants' Trial Memorandum, footnote no. 1. In a criminal case, a defendant does not carry a burden of proof (unless of course an affirmative defense is raised). As the Claimant, Kathleen von Hofe, has raised an affirmative innocent owner defense, it is appropriate for the jury to deliberate as to whether she has met her burden by a preponderance of the evidence. See Verdict Form used by the jury in <u>United States v. One Parcel of Property located at 3030-32 Main ST., Bridgeport, Connecticut</u>, No. 5:90-cv-544(EBB); <u>United States v. One Parcel of Property Located at 8 Drumlin Rd.,Westport, Connecticut</u>, No. 5:90-cv-545(EBB) and <u>United States v. One Parcel of Property Located at 2034-38 Main St., Bridgeport, Connecticut</u>, No. 5:90-cv-546(EBB). A copy is attached hereto as Exhibit B.

**Proposed Jury Instructions**

3.  With regard to Government Jury Instruction no. 10, the parties have already stipulated to the following in the Joint Trial Memorandum. "As of December 4, 2001, Harold von Hofe and Kathleen von Hofe were the sole owners of the defendant property, 32 Medley Lane, Branford, Connecticut." The jury should be instructed that the issue of ownership must be established pursuant to 18 U.S.C. §§ 983(d)(6)(B) & (d)(1). The Government contends that the Court could then advise the jury that the parties have stipulated that the Claimants are the sole owners of the Defendant property.

4.  With regard to Government Jury Instruction 14, if the Claimants are to have any success at presenting an innocent owner defense, they will have to testify at trial. Should their testimony consist of a conclusory denial, or lack of knowledge, Government Jury Instruction 14 is an appropriate charge for the jury supported by a wealth of case law. See United States v. Property Located at 15 Black Ledge Drive, 897 F.2d 97, 102 (2d Cir. 1990); United States v. One Parcel of Property Located at 138 Colton Street, 789 F. Supp. 74 (D. Conn. 1991); United States v. Currency Amounting to the Sum of Thirty Thousand Eight Hundred Dollars ($30,800.00), 555 F. Supp. 290, 283 (E.D.N.Y.), aff'd. 742 F.2d 1444 (2d Cir. 1983).

5.  With regard to Government Jury Instruction 15, the "entire property" is subject to forfeiture to the United States. Claimants' unsupported argument that Instruction 15 is "inconsistent" with CAFRA ignores the language and meaning of 18 U.S.C. § 983(g). It is the Court, and not the jury, that will determine (post-verdict) whether forfeiture of the entire property is excessive. Further, the language of 21 U.S.C. § 881(a)(7) specifically recites "that all real property. . . which is used or intended to be used. . ." shall be subject to forfeiture. (Emphasis added.) See also United States v. Property Located at 15 Black Ledge Drive, 897 F.2d 97, 102 (2d Cir. 1990); United States v. One Parcel of Property Located at 138 Colton Street, 789 F. Supp. 74 (D. Conn. 1991); United States v. Currency Amounting to the Sum of Thirty Thousand Eight Hundred Dollars ($30,800.00), 555 F. Supp. 290, 283 (E.D.N.Y.), aff'd. 742 F.2d 1444 (2nd Cir. 1983).

### D. Appraisal

6. The Government objects to the Claimants' intention to offer an appraisal of the Defendant property as evidence in this case. The appraisal is not listed as an exhibit in the Joint Trial Memorandum (Claimants list only one exhibit, Kathleen von Hofe's state misdemeanor conviction). An appraisal obtained during the course of earlier settlement negotiations is not relevant to the issues to be resolved at trial in accordance with Fed. R. Evid. 401. Further, the probative value (if any) of the appraisal is far outweighed by it's prejudicial effect on the jury against the Government. Fed. R. Evid. 403. The relevant forfeiture statute, 21 U.S.C. § 881(a)(7), provides for the forfeiture of "real property." The Government is not under any compulsion to accept the cash value of a parcel of real property subject to forfeiture because a claimant has financial resources at their disposal. Finally, evidence of offers to compromise are not admissible pursuant to Fed. R. Evid. 408.

### E. Prior Convictions

7. The Government has listed certified copies of state criminal convictions for Kathleen and Harold von Hofe as exhibits in this case. Claimants' assertion that the Government will attempt to offer these convictions during its case-in-chief is misplaced. No such representations have ever been made by the Government. However, the Government will use these convictions during cross-examination of the respective Claimants. Harold von Hofe has already admitted bringing marijuana seeds into the United States from Holland and setting up the marijuana grow at the Defendant property. Harold von Hofe Deposition at p. 22, attached hereto as Exhibit C. Kathleen von Hofe's misdemeanor conviction for possession of marijuana is certainly probative as to her knowledge of

illegal drugs at the Defendant property.

## II.    The Eighth Amendment applies to Civil Forfeiture Actions

The Government relies on it's memorandum of law filed February 7, 2005, concerning the Eighth Amendment excessive fines issue raised in this case. However, in response to the Claimants' reliance on <u>United States v. Halper</u>, 490 U.S. 435 (1989), the Government submits the following additional case law for the Court's consideration on the issue of punishment. <u>See</u> <u>United States v. Ursery</u>, 518 U.S. 267, 287, 290 (1996) (forfeitures under 21 U.S.C. § 881(a)(6) and (7) and 18 U.S.C. § 981 are not punitive for double jeopardy purposes).

Respectfully submitted,
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

*/s/ David X. Sullivan*

DAVID X. SULLIVAN
ASSISTANT U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700
CT03793

## CERTIFICATE OF SERVICE

This is to certify that I have caused a copy of the within document was sent via regular mail, postage prepaid, on this 10th day of February, 2005, to:

| | | |
|---|---|---|
| Claimants: | James F. Cirillo, Jr., Esq.<br>500 E. Main Street<br>Suite 326<br>Branford, CT  06405<br>(203) 488-9828 | (Harold von Hofe) |
| | Jonathan J. Einhorn, Esq.<br>412 Orange Street<br>New Haven, CT  06511<br>(203) 777-3777 | (Kathleen von Hofe) |

_____
DAVID X. SULLIVAN
Assistant U.S. Attorney

```
 1              UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
 2

 3                                              COPY
     -------------------------------x
 4   UNITED STATES OF AMERICA,      :
                    Plaintiff,      :   CIVIL ACTION NO.
 5                                  :   3:01CV2290 (JCH)
          vs.                       :
 6                                  :
     ONE PARCEL OF PROPERTY LOCATED :
 7   AT 32 MEDLEY LANE, BRANFORD,   :
     CONNECTICUT, WITH ALL          :
 8   APPURTENANCES AND IMPROVEMENTS :
     THEREON,                       :
 9                  Defendant.      :
     (CLAIMANTS: HAROLD E. VON HOFE :
10   AND KATHLEEN M. VON HOFE)      :   December 9, 2004
     -------------------------------x
11

12
                DEPOSITION OF KATHLEEN VON HOFE
13

14
       Taken before Lee Ann Biancucci, LSR #224, RPR,
15     a Court Reporter and Notary Public for the
       State of Connecticut, pursuant to Notice and
16     the Federal Rules of Civil Procedure, at the
       Office of the United States Attorney,
17     157 Church Street, New Haven, Connecticut, on
       December 9, 2004, commencing at 10:17 a.m.
18

19

20

21

22            Falzarano Court Reporters
                  117 N. Saddle Ridge
23            West Simsbury, CT     06092
                     860.651.0258
24
                                        GOVERNMENT'S
25                                        EXHIBIT
                                             A
```

Falzarano Court Reporters

```
 1   to try and discern what's wrong with them?
 2       A    You need to explain.
 3       Q    What type of drug screening?
 4       A    Depends what's going on.  You do all your
 5   opiates, your methadone, your, you know,
 6   diazepams, those kinds of things, barbiturates.
 7       Q    Had you ever seen a marijuana plant prior
 8   to December 4, 2001?
 9       A    I'm sure I probably have.
10       Q    Have you ever seen a marijuana plant in
11   your home at 312 Medley Lane prior to
12   December 4th, 2001 --
13       A    No.
14       Q    You have to wait until I finish the
15   question.
16            Adjoining your husband's study in your
17   basement is another room?
18       A    Uh-huh.
19       Q    I'm not sure what to call that.  What do
20   you call that?
21       A    It's more like a meditation room.
22       Q    How long has that meditation room been in
23   your home?
24       A    Since we built the house.  We -- since we
25   moved there, probably shortly thereafter.
```

```
 1     BY MR. SULLIVAN:
 2        Q    Is that your hot water heater in that
 3     photograph?
 4        A    It's some big whatever you call it.
 5     Utility.
 6        Q    Is that located in your home?
 7        A    Yes.
 8        Q    You've seen it before there?
 9        A    Yes.
10        Q    Directing your attention to the photograph
11     at the right side of the page --
12        A    Yes.
13        Q    -- do you recognize the area that is
14     photographed in that picture?
15        A    Yeah.  I'm assuming that's underneath my
16     stairs.
17        Q    In that --
18        A    What is that?
19        Q    In that photograph there are potted plants,
20     aren't there?
21        A    Yes.
22        Q    They appear to be marijuana plants.
23        A    Yes.
24        Q    Have you ever seen marijuana plants in your
25     home prior to December 4th, 2001?
```

```
 1        A     No.  When they carried them out on
 2   December 4th, but no.
 3        Q     Have you ever smelled marijuana plants in
 4   your home prior to December 4?
 5        A     Marijuana plants?
 6        Q     Marijuana plants --
 7        A     No.
 8        Q     -- prior to December 4th, 2001?
 9        A     No.
10              MR. EINHORN:  You have to let
11        counsel finish the question first
12        before you answer.
13              THE WITNESS:  Sorry.
14              MR. SULLIVAN:  That's okay.
15   BY MR. SULLIVAN:
16        Q     Prior to December 4th, 2001, have you ever
17   seen a marijuana plant?
18        A     Have I ever seen a marijuana plant?
19        Q     Yes.
20        A     Not in my home, but I probably have seen
21   marijuana plants.  I come from the sixties.
22        Q     I'm going to show you what we're going to
23   mark as Government's Exhibit 2 and let you take a
24   look at that again.
25
```

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff, | : | |
| v. | : | |
| ONE PARCEL OF PROPERTY<br>LOCATED AT 2030-32 MAIN ST.,<br>BRIDGEPORT, CONNECTICUT, | : | No. 5:90-cv-544(EBB) |
| ONE PARCEL OF PROPERTY<br>LOCATED AT 8 DRUMLIN RD.,<br>WESTPORT, CONNECTICUT, and | : | No. 5:90-cv-545(EBB) |
| ONE PARCEL OF PROPERTY<br>LOCATED AT 2034-38 MAIN ST.,<br>BRIDGEPORT, CONNECTICUT,<br>        Defendants. | : | No. 5:90-cv-546(EBB) |

<u>Verdict Form</u>

Please answer the questions in order and consider each property separately.

A.   <u>2030-32 Main St., Bridgeport, a.k.a. Tom Thumb Variety</u>

    1.   Has the claimant Mr. Aguilar proven by a preponderance of the evidence that this property was not used to facilitate a violation of federal narcotics law?

YES ☐        NO ☐

If your response to this question is yes, enter a verdict for the claimant.  If your response to this question is no, please go to question 2.

    2.   Has the claimant Mr. Aguilar proven by a preponderance of the evidence that he had no knowledge this property was used to facilitate a violation of federal narcotics law?

YES ☐        NO ☐

GOVERNMENT'S EXHIBIT B

If your response to this question is yes, enter a verdict for the claimant. If your response to this question is no, please go to question 3.

    3. Has the claimant Mr. Aguilar proven by a preponderance of the evidence that he did not consent to the use of this property to facilitate a violation of federal narcotics law, and took all reasonable measures under the circumstances to rid the property of illegal drug activity?

               YES ☐     NO ☐

If your response to this question is yes, enter a verdict for the claimant. If your response to this question is no, enter a verdict for the government.

B. <u>2034-38 Main St., Bridgeport, a.k.a. Always Fresh Produce</u>

1. Has the claimant Mr. Aguilar proven by a preponderance of the evidence that this property was not used to facilitate a violation of federal narcotics law?

               YES ☐     NO ☐

If your response to this question is yes, enter a verdict for the claimant. If your response to this question is no, please go to question 2.

    2. Has the claimant Mr. Aguilar proven by a preponderance of the evidence that he had no knowledge this property was used to facilitate a violation of federal narcotics law?

2

YES ☐   NO ☐

If your response to this question is yes, enter a verdict for the claimant. If your response to this question is no, please go to question 3.

3. Has the claimant Mr. Aguilar proven by a preponderance of the evidence that he did not consent to the use of this property to facilitate a violation of federal narcotics law, and took all reasonable measures under the circumstances to rid the property of illegal drug activity?

YES ☐   NO ☐

If your response to this question is yes, enter a verdict for the claimant. If your response to this question is no, enter a verdict for the government.


C. <u>8 Drumlin Rd., Westport</u>

1. Has the claimant Mr. Aguilar proven by a preponderance of the evidence that this property was not used to facilitate a violation of federal narcotics law?

YES ☐   NO ☐

If your response to this question is yes, enter a verdict for the claimant. If your response to this question is no, please go to question 2.

2. Has the claimant Mr. Aguilar proven by a preponderance of the evidence that he had no knowledge this property was used

3

to facilitate a violation of federal narcotics law?

YES ☐    NO ☐

If your response to this question is yes, enter a verdict for the claimant. If your response to this question is no, please go to question 3.

    3.   Has the claimant Mr. Aguilar proven by a preponderance of the evidence that he did not consent to the use of this property to facilitate a violation of federal narcotics law, and took all reasonable measures under the circumstances to rid the property of illegal drug activity?

YES ☐    NO ☐

If your response to this question is yes, enter a verdict for the claimant. If your response to this question is no, enter a verdict for the government.

    Once you have completed this form, please alert the marshal that you have reached a verdict on each of the properties.

4

```
 1                UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
 2

 3                                                    COPY
     ---------------------------------x
 4   UNITED STATES OF AMERICA,        :
                    Plaintiff,        :   CIVIL ACTION NO.
 5                                    :   3:01CV2290 (JCH)
             vs.                      :
 6                                    :
     ONE PARCEL OF PROPERTY LOCATED   :
 7   AT 32 MEDLEY LANE, BRANFORD,     :
     CONNECTICUT, WITH ALL            :
 8   APPURTENANCES AND IMPROVEMENTS   :
     THEREON,                         :
 9                  Defendant.        :
     (CLAIMANTS: HAROLD E. VON HOFE   :
10   AND KATHLEEN M. VON HOFE)        :   December 9, 2004
     ---------------------------------x
11

12
              DEPOSITION OF HAROLD E. VON HOFE
13

14
       Taken before Lee Ann Biancucci, LSR #224, RPR,
15     a Court Reporter and Notary Public for the
       State of Connecticut, pursuant to Notice and
16     the Federal Rules of Civil Procedure, at the
       Office of the United States Attorney,
17     157 Church Street, New Haven, Connecticut, on
       December 9, 2004, commencing at 11:58 a.m.
18

19

20

21

22            Falzarano Court Reporters
                117 N. Saddle Ridge
23            West Simsbury, CT    06092
                   860.651.0258
24                                         GOVERNMENT'S
                                            EXHIBIT
25                                              C
```

Falzarano Court Reporters

```
 1    marijuana seeds which you brought back to this
 2    country?
 3        A     I do not recall telling them that.
 4        Q     Did you travel to Holland?
 5        A     I did, yes.
 6        Q     When did you travel to Holland?
 7        A     That was in 2001, Holland and Belgium.
 8        Q     Approximately what time of year?
 9        A     August, I believe.
10        Q     Did you bring back marijuana seeds at that
11    time?
12        A     I did, yeah.
13        Q     How did you bring them back?
14        A     Just in my luggage.
15        Q     So much for security.
16        A     That was before 911.
17        Q     Still.
18              You did set up a marijuana grow room in the
19    basement of your home at 32 Medley Lane, didn't
20    you?
21        A     Yes.
22        Q     When did you do that, sir?
23        A     I don't know exactly the time I had done
24    it.  Over the course of a year before the arrest.
25    I'm not sure.  I didn't keep records.
```