UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | :   NO.   3:01cv2290 (MRK) |
| | : |
| v. | : |
| | : |
| ONE PARCEL OF PROPERTY | : |
| LOCATED AT 32 MEDLEY LANE, | : |
| BRANFORD, CONNECTICUT, | : |
| WITH ALL APPURTENANCES AND | : |
| IMPROVEMENTS THEREON, | : |
| | : |
| Defendant. | : |
| | : |
| [CLAIMANTS: HAROLD E. VON HOFE | : |
| AND KATHLEEN M. VON HOFE] | : |

**RULING AND ORDER**

In this civil forfeiture action under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202 (2000), codified at 18 U.S.C. § 983, the United States claims that the named property (the "Defendant Property") had a substantial connection to illegal narcotics activity, principally the cultivation and sale of marijuana. Claimant Kathleen von Hofe asserts an "innocent owner" and other defenses under CAFRA. *See* 18 U.S.C. § 983(d). In submissions following the final pretrial conference, the Claimants indicated an intent to offer into evidence an appraisal of the Defendant Property. *See* Claimants' Trial Memorandum [doc. #50], at 3. The Government objects to the admission of the appraisal at trial. *See* Government's Response to Claimants' February 5th Trial Memorandum [doc. # 58], at ¶ 6. For the reasons stated below, the Court sustains the Government's objection to admission of the

1

appraisal at the upcoming jury trial. Yet, in the event that the jury finds that the Defendant Property is forfeitable and that the innocent owner defense does not apply in this case, the Court will permit Claimants to supplement the record before the Court with the appraisal or Claimants' own testimony as to the value of their home, during the Court's post-trial evidentiary hearing on whether the forfeiture of the Defendant Property would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

As stated above, Claimants seek to introduce into evidence an appraisal of the Defendant Property and may seek to testify as to the value of their home at the upcoming jury trial phase of this civil forfeiture action. Under CAFRA, there are only two issues that are properly before the jury in the upcoming trial: (1) whether the Government has proved that there is a "substantial connection" between the Defendant Property and the federal narcotics offenses punishable by imprisonment for more than one year that make the Defendant Property subject to forfeiture; and (2) whether Claimants have proved that one or more of them are innocent owners. *See* 18 U.S.C. §§ 983(c) & 983(d). Claimants make no argument that the appraisal or Claimants' own testimony as to the value of their home is relevant to either the substantial connection or innocent owner issues that the jury will decide. And for good reason. The value of the Defendant Property has no relevance to either of these issues.

Instead, Claimants assert that (1) the appraisal and testimony as to the value of the Defendant Property is relevant to the issue of constitutional excessiveness of the forfeiture under the Eighth Amendment, and (2) excessiveness is an issue for the jury, not the Court, to decide. *See* Claimants' Trial Memorandum [doc. #50], at 3. The Court disagrees with the Claimants' second assertion. Under the express terms of CAFRA, whether a civil forfeiture is

constitutionally excessive is an issue that the Court will decide "at a hearing *conducted by the court without a jury*" following the jury's determination that the Defendant Property is subject to forfeiture and that neither Claimant is an innocent owner. 18 U.S.C. § 983(g)(3) (emphasis added). Indeed, § 983(g)(4) states that "[i]f *the court* finds that the forfeiture is grossly disproportionate to the offense it shall reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution." 18 U.S.C. § 983(g)(4) (emphasis added). CAFRA's approach – that courts, not juries, decide whether a forfeiture violates the Excessive Fines Clause of the Eight Amendment – is consistent with that taken by courts prior to CAFRA's enactment. *See, e.g.*, *United States v. Toyfoya*, No. CR-93-0505 EFL, 1994 WL 477173, at *5 (N.D. Cal. Aug. 29, 1994) ("In the Court's opinion, the Court should make the determination of whether the forfeiture is excessive under the Eighth Amendment, not the jury."); *United States v. 24124 Lemay Street*, 857 F. Supp. 1373, 1376 (C.D. Cal. 1994) ("[T]he determination of whether a civil forfeiture violates the Excessive Fines Clause of the Eighth Amendment is a question of law suitable for determination by the Court."); *but see United States v. RR No. 1 Box 224*, 14 F.3d 864, 876 (3d Cir. 1994) (remanding to the district court to decide whether the court or the jury should make the excessiveness determination, and suggesting that the district court "consider submitting the question to a jury on a special interrogatory and then alternately treating the answer as non-binding and decide the excessiveness question itself.").[1] Accordingly, the Court sustains the Government's objection to

---

[1] The court in *Toyfoya* contemplated using special interrogatories "during the forfeiture trial to aid the court in later determining whether the forfeiture was grossly disproportionate." *Toyfoya*, 1994 WL 477173, at *5. While in theory discrete issues related to excessiveness could be presented to the jury without compromising or prejudicing the jury trial phase of this civil forfeiture, the Court is skeptical of the appropriateness of special interrogatories in this case.

introduction of the appraisal and any direct testimony as to the value of the Defendant Property at the upcoming jury trial phase of this civil forfeiture action.

If the jury concludes that the Defendant Property is subject to forfeiture and that neither Claimant is an innocent owner, the Court cannot enter a judgment of forfeiture without first considering Claimants' contention that forfeiture of the Defendant Property violates the Constitution. *See* 18 U.S.C. § 983(g). Therefore, if necessary, the Court intends to conduct a post-trial evidentiary proceeding following the jury's verdict on the issue of excessiveness under CAFRA and Eighth Amendment case law. In determining whether any forfeiture is excessive, the Court will consider both the evidence presented at the jury trial and any relevant exhibit or testimony not previously admitted into evidence during the jury trial that the Claimants or the Government offer at the post-trial evidentiary hearing to supplement the record before the Court. The appraisal of the Defendant Property and/or Claimants' testimony as to the value of their home is relevant to excessiveness and therefore will be admissible at this post-trial evidentiary proceeding. Accordingly, the Court overrules the Government's objection to the extent that the Government asserts that the appraisal is not admissible in connection with the Court's consideration of the issue of excessiveness at the post-trial evidentiary proceeding.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: February 11, 2005**