UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL NO. 3:01CV 2290 (MRK) |
| vs. | |
| ONE OF PARCEL OF PROPERTY LOCATED AT 32 MEDLEY LANE, BRANFORD, CT et. al. | |
| (CLAIMANTS: HAROLD E. VON HOFE AND KATHLEEN M. VON HOFE) | FEBRUARY 25, 2005 |

### CLAIMANTS' POST-TRIAL MEMORANDUM

The foregoing memorandum is submitted by Claimants in response to queries raised by the Court at the conclusion of the "Proportionality Hearing" required under 18 USC 983(g) held on February 17, 2005.

    I.    **Comparison of the Forfeiture to the Gravity of the Offense Giving Rise to the Forfeiture.[1]**

        A.    Gravity of the Offense

            1.    Appropriate Punishments for Kathleen von Hofe.

                a.    Connecticut Law:    The Claimant Kathleen von Hofe pled guilty under the Alford doctrine in Connecticut Superior Court GA. #23 to Possession of Marijuana, in violation of Conn.Gen.Stats. 21a-279(c). She received a nine month sentence, execution suspended and a one year conditional discharge. No fine was imposed. That statute provides for a maximum fine of $1,000.00 and imprisonment not to exceed one year on a first offense, such as in this case. (A copy of the statute is attached hereto as Exhibit A).

---

[1] This is the statutory test forth in 19 USC 983(g) (2), being a section of the Civil Asset Forfeiture Reform Act of 2000, hereinafter "CAFRA").

1

     b. <u>Federal Law</u>:  Kathleen von Hofe was never criminally charged was by plaintiff, but were she indicted for a drug offense stemming from the facts of this case, a likely statute would have been 21 USC 844(a) "Penalties for Simple Possession". That statute carries a maximum one year sentence and a $1,000.00 fine. Another possibility is conspiracy to sell the marijuana under 21 USC 846. The drug offense statute 21 USC 841(b)(1)(A)(ii)(I) for the marijuana found carries a 10 year mandatory minimum with a maximum of life and a maximum $4,000,000.00 fine.

 Under the Sentencing Guidelines 2D1.1 Commentary, Application Note 21, the total of 65 plants found would be converted at 100 grams per plant to 6.5 kilograms[2]. With a Criminal History Category of I, this would place her at a Level 14 under USSG 2D1.1(c)(13). She would not qualify for the "Safety Valve" under USSG 5C1.2 or for acceptance of responsibility[3] but she might receive a downward adjustment for "minimal role in the offense under USSG Sec. 3B1.2(a), reducing her to Level 10[4] or as aberrant behavior under USSG 5K2.20 (so long as the charge is only simple possession, see Application note 1). The fine appropriate for her for Level 14 would be $4,000 to $40,000.00 under USSG 5E1.2(c)(3). At level 10, her fine would be $2,000.00 to $20,000.00.

    2. <u>Appropriate Punishments for Harold von Hofe.</u>

     a. <u>Connecticut Law</u>: The Claimant Harold von Hofe also pled guilty under the Alford doctrine in Connecticut Superior court GA. #23. His crime was Sale of Controlled Substance in violation of Conn.Gen.Stats. 21a-277(b).

---

[2] At 100 grams per plant, 65 plants total 6500 grams. 6500 grams equals 6.5 kilograms.
[3] Acceptance of responsibility is not available under USSG 3E1.1, Application Note 2, since both defendants went to trial.
[4] Even she is classified as a"minor participant"; she would receive a 2 level reduction under USSG 3B1.2(b), or somewhere between.

He received a three year sentence, execution suspended and a one year conditional discharge. No fine was imposed. That statute provides for a maximum fine of $25,000.00 and a seven year imprisonment on a first offense, which is the case here. (A copy of that statute is attached hereto as Exhibit B).

      b. <u>Federal Law</u>:  Harold von Hofe was never criminally charged was by plaintiff, but were he indicted for a drug offense stemming from the facts of this case, a likely statute would have been conspiracy to sell the marijuana under 21 USC 846 and the drug offense statute 21 USC 841(b)(1)(A)(ii)(I). That offense carries a 10 year mandatory minimum with a maximum of life and a maximum $4,000,000.00 fine.

As with Kathleen, the marijuana quantity would likely place him in Level 14 under the Sentencing Guidelines since he too is in Criminal History Category I. It is unlikely he would qualify for the "Safety Valve" as not meeting the criteria of USSG 5C1.2(a)(5), or for acceptance of responsibility. The fine appropriate for him would be $4,000 to $40,000.00 under USSG 5E1.2(c)(3)[5].

    3. <u>Claimants' Culpability</u>

      a. <u>As to Harold von Hofe</u>. There is no issue as to the culpability of the Claimant Harold von Hofe. He has admitted to growing the marijuana. Accepting the government's evidence at trial he was at least using it for his own use, bartering it for household repairs and occasionally allowing his children and their friends to sample it. One witness testified that he traded marijuana for ketamine. Although DEA Agent Jon Rubinstein testified as to hearsay information about cars pulling up to the

---

[5] Depending on the nature of the federal drug charge to which he might be found guilty, USSG 5E1.2(c) 3 might not apply to Harold, leaving the court to set any appropriate fine under 5E1.2(c) 4.

house for short visits purportedly to purchase marijuana, that hearsay testimony was unsubstantiated and no more than speculation. Although Harold von Hofe did not testify at trial, his testimony at the Proportionality Hearing indicated that he smoked marijuana regularly for a considerable period of time. The undisputed testimony is that his basement farming program lasted no more than 13 months.

As to the nature of the marijuana operation, no evidence of sales were found in the house during the search on December 4, 2001, such as glassine bags, cash, guns or customer lists. Harold von Hofe denied selling marijuana to any person or persons.

      b. <u>As to Kathleen von Hofe</u>. In deciding against the innocent owner defense, the jury likely found that Kathleen von Hofe knew what her husband was growing in their basement but chose to ignore it. There is no evidence that her involvement went any deeper than that. She is essentially an innocent owner who should have known better.

While Harold's conduct is exactly the conduct proscribed by the drug conspiracy laws, Kathleen would have been a good candidate for a not guilty verdict had she been charged in the conspiracy. With the exception of not reporting her husband to the police for his conduct (an unlikely situation for any marriage), she did not aid or assist her husband in the growing or potential distribution of the plant. The minimal punishment she received in state court was appropriate for her minimal conduct.

Specifically, Kathleen von Hofe is a specialized nurse, now working in the emergency room at St. Raphael's Hospital and until terminated due to the Branford arrest, was on the implant unit at Yale-NH Hospital. She has no criminal history, was working long hours and away from home due to her job. She testified that the only reason

4

she pled guilty (by the Alford doctrine) in State Court was to protect her children who as a result of a plea bargain received "nolles" and then dismissals of their criminal charges. The government made much of her children's former drug problems. Alas, every parent's dilemma is raising their children safely but those issues are not relevant to this forfeiture case.

      B.     The Forfeiture

The property to be forfeited is the Defendant property at 32 Medley Lane, Branford, Connecticut. This is a single family home, owned by the Van Hofes for 21 years and home to the Claimants and their two children.

The agreed upon value of the property is $248,000.00. By pleading dated January 19, 2005, and before trial, the Claimants offered to pay this sum to the plaintiff. That offer was rejected, the government seeking to take the Claimants' home as a punishment more significant than mere money.

The government raises the issue of certain bank accounts of the Claimants which were originally frozen by the Branford police as potential forfeited assets. Those accounts were eventually released to the Claimants, and no forfeiture action ever brought against them. Indeed, there was absolutely no evidence at trial that those accounts might be related to or "proceeds of" drug use or marijuana cultivation pursuant to 21 USC 881(a)(6).

Nonetheless, the only relevant asset in this forfeiture action is the single-family home 32 Medley Lane, Branford, CT.

      C.     Summary Comparison.     As the previous sections indicate, the government seeks to have claimants forfeit a home to the value of $248,000.00 where the

5

Sentencing Guidelines fines for each are likely between $4,000 and $40,000.00. Although the maximum penalty for Harold von Hofe may be $4,000,000.00 that figure is neither realistic nor the extent of this court's inquiry, as suggested by the government. Moreover, the claimants are joint owners of 32 Medley Lane, and a forfeiture of the interest of each ought to be dealt with separately.

It must be noted that in **U.S. v. Bajakajian**, 524 U.S. 321, 338 (1998), the Supreme Court used the maximum fines authorized by the Sentencing Guidelines, not the maximum penalty authorized by the statute, rejecting the government's argument[6]. This was in fact, a central point of that case. See also **U.S. v. 3814 NW Thurmond St**., 164 F.3d 1191, 1197-1198 (9th cir. 1999). The suggestion of Justice Scalia in a concurring opinion in **Austin v. U.S**., 509 U.S. 602, 623, n. 15, (1993) that the only necessary comparison was whether or not the confiscated property has "a close relationship with to the offense" was rejected by the majority.

### II.     The Mere Fact that the Property was Used to Facilitate a Criminal Act does Not Require a Complete Forfeiture of Both Parties' Interests.

Clarifying an issue that was often raised previously, CAFRA mandates the Court at 19 USC 983(g) (4) to <u>reduce</u> or eliminate the forfeiture if it was found to be grossly disproportionate to the offense.

This statute recognizes that the Court is in a position to avoid a violation of the Excessive Fines Clause of the Eighth Amendment. It essentially codifies **U.S. v. Bajakajian**, supra. Consequently, even if the property was used in connection with a criminal offense, the Court must nonetheless reduce or eliminate the forfeiture if it is

---

[6] See **Bajakajian**, supra, FN 14.

"grossly disproportionate to the offense". Not to do so would violate the Excessive Fines Clause of the Eighth Amendment.

While the Supreme Court has not set forth the test for determining gross disproportionality, this circuit in **U.S. v. Milbrand**, 58 F3d 841(2d Cir 1995) set forth a multi-purpose test for that purpose prior to **Bajakajian**. As described in **Milbrand**, at 847-848, the Court should at least consider these factors:

1. the harshness of the forfeiture (e.g. the nature and value of the property and the effect of forfeiture on innocent third parties) in comparison to (a) the gravity of the offense and (b) the sentence that could be imposed on the perpetrator of such an offense;
2. the relationship between the property and the offense, including whether use of the property in the offense was (a) important to the success of the illegal activity, (b) deliberate and planned or merely incidental and fortuitous, and (c) temporally or spatially extensive; and (3) the role and degree of culpability of the owner of the property.

The factors set forth in (1.) above (the harshness of the forfeiture have been discussed in Sec. I, supra.

As to the second set of **Milbrand** factors, it is undisputed that (a) the property was related to the offense as the marijuana was being farmed in its basement and thus the family home was important to the success of the cultivation operation; (b) the cultivation by Harold von Hofe was obviously intentional and not merely incidental; and (c) the use of the property was not extensive, involving only two areas in the basement, with some empty ketamine bottles elsewhere in the house and some unused marijuana composting outside.

The role and degree of culpability of each claimant is discussed in Sec. I (A) (3), supra.

### III.     Effect of the Jury Verdict on the Innocent Owner Defense

In this case, the jury rejected the innocent owner defense of Kathleen von Hofe which was raised under 18 USC 983(d). That verdict has no impact on the proportionality/constitutionality evaluation under 18 USC 983(g). For the purposes of the latter statute, it is assumed that there is no innocent owner and that, nonetheless, the court needs to evaluate whether or not the forfeiture is grossly disproportionate under constitutional standards.

Had Kathleen von Hofe been determined by the jury to be an innocent owner, 18 USC 983(d)(5) would have been applicable. By that statute, CAFRA acknowledges and resolves a long-standing issue about persons owning non-forfeited property jointly with the government after forfeiture.

In this case, it is undisputed that Kathleen von Hofe has a partial interest in the property subject to forfeiture. Were she found to be an innocent owner, the court had the authority to sever the property, or to require the government to compensate her for her interest if the house has been sold, or to allow her to reside there, subject to a lien in favor of the government.

At this point in the proceedings, it is assumed that neither Claimant is an innocent owner. For the purposes of the Excessive Fines Clause and 18 USC 983(g), that makes no difference. A determination as to whether or not the forfeiture was constitutionally excessive is not (nor could it be), limited by the language of that statute (18 USC 983(g)(1):

> The claimant under subsection (a)(4) may petition the court to determine whether the forfeiture was constitutionally excessive.

8

Such a petition was filed on February 17, 2005.

### IV. If Complete Forfeiture is Excessive, What Lesser Forfeiture Would Satisfy the Eighth Amendment Prohibition on Excessive Fines?

Assuming as the Claimants do, that a full forfeiture would be grossly disproportionate, the Court asks what forfeiture would be constitutionally acceptable. Certainly the statute, 18 USC 983(g) (4) makes it mandatory for the Court to reduce or eliminate the forfeiture if it is found to be grossly disproportionate.

This is a difficult query for Claimants, somewhat akin to asking a criminal defendant to name his punishment. It must be factored in, however, that a full forfeiture is not only excessive but punitive, considering that the claimants offered the full value of the home prior to trial. (See Offer of Judgment dated January 19, 2005, as on file).

Nonetheless, some logical analysis could be made as to each claimant. It is undisputed that Harold von Hofe was the culpable party and was a one-half owner of the family home. With no mortgage on the property, his interest equates to $124,000.00. If the forfeiture is to be a fine and not a punitive measure, even that figure appears to be an excessive amount.

With Kathleen von Hofe being a co-owner but still found to have been knowledgeable about her husband's illicit activities, to forfeit her entire $124,000.00 interest would be an extraordinarily Draconian punishment for her minimal involvement.

It is respectfully suggested that the Court consider ordering a forfeiture of one-half of the Claimant Harold von Hofe's interest, being $62,000.00 and a forfeiture of one-quarter of Kathleen von Hofe's interest, being $31,000.00. A reasonable time could be set to pay these sums to the plaintiff to avoid a full forfeiture of the defendant property. The Claimants would obviously not object to any lesser forfeiture, as set by the Court.

9

V.   **Conclusion**

It is unclear why the government seeks forfeiture of the Claimants' home in this case, as forfeiture is not sought in every instance where marijuana is being grown in a home and evidence of a marijuana selling operation of any scale is solely lacking here. It is also unclear why the government would not accept the Claimants' offer to pay the entire agreed-upon value of the home prior to trial.

What is clear, however, is that the government's position in demanding a forfeiture of the Claimants' home under these circumstances is the functional equivalent of a punitive sanction and violates the Excessive Fines Clause of the Eighth Amendment.

This circuit has characterized civil forfeiture as a "harsh and oppressive procedure which is not favored by the courts". **U.S. v. $31,990 in United Sates Currency**, 982 F2d 851, 856 (2d Cir. 1993). A number of courts have refused to order forfeiture of family residences which were used for drug sales and have stressed the harshness of taking away the family home and high degree of protection historically given to the homestead. **U. S. v. 829 Calle de Madero**, 100 F.3d 734, 738-739 (10th Cir. 1996).

Forfeiture of real property is a unique penalty, especially when that property constitutes the family home as here. The harshness of taking the roof from over someone's head, even that of a wrongdoer, is something that must be carefully examined in light of the Eighth Amendment. Such a forfeiture is clearly more excessive than that of other property of equal value. See **U.S. v. Real Property, Titled in the anmes of Godfrey Soon Bong Kang, et. al.**, 120 F.3d 947 (9th Cir. 1997)

A forfeiture is a form of punishment[7] and it is but a legal fiction that the action is taken again the property itself, rather than against its owners. The government's refusal to accept the agreed-upon value of the home and to insist on a course seeking to take that home as forfeiture is clearly punitive and violates both the Eighth Amendment and CAFRA. However imprecise the calculations may be under the facts and law set forth herein, the Claimants request that the Court reduce the forfeiture as suggested.

THE CLAIMANTS
KATHLEEN VON HOFE

BY_____
JONATHAN J. EINHORN, Esq.
412 Orange Street
New Haven, CT. 06511
(203-777-3777)

HAROLD E. VON HOFE

BY_____
JAMES F. CIRILLO, Esq.
500 E. Main Street, Suite 326
Branford, CT. 06405
(203-488-9828)

**CERTIFICATION**

I hereby certify that I placed a copy of this pleading in the U.S. Mails, postage prepaid, on February 27, 2005, addressed to David X. Sullivan, Esq., AUSA, 157 Church Street, 23rd Floor, New Haven, CT.

_____
JONATHAN J. EINHORN

---

[7] **Bajakajian**, supra, at 328.

Case 3:01-cv-02290-MRK   Document 72   Filed 02/28/2005   Page 12 of 12