*"PAID IN FULL"*

**1**

*Install*

Branford Connecticut, ............June........21,.........1979..

$ 50,600.00

At the times and in installments as hereinafter stated, for value received, the undersigned,

Harold H. vonHofe, Lenore vonHofe, Harold E. vonHofe, Kathleen M. vonHofe jointly and severally

promise(s) to pay to the order of

# The New Haven Savings Bank

at the Main Office of said Bank in the City of New Haven, Connecticut, the principal sum of FIFTY THOUSAND SIX HUNDRED AND NO/100--------------- Dollars ($ 50,600.00 ), with interest thereon or on the unpaid balance thereof from ............June 21,............, 19 79 at the rate of ten and three-/quarters .........per cent (10-3/4 %) per annum, before and after maturity by acceleration or otherwise, together with all taxes that may be assessed against said payee or the holder of this note upon said principal sum or the unpaid balance thereof, and all costs of collection including reasonable attorneys' fees. Said principal sum and interest shall be payable as follows:

In successive monthly payments of ..Four Hundred Seventy-two and 60/100--------..

Dollars ($ 472.60 ............) each on the 15th day of each month, commencing with the first payment on the .......15th..................day of ...August.........., 19 79 ...., and continuing thereafter until said principal sum and interest have been paid in full, said monthly payments to be applied first to the payment of interest and the balance to the payment of said principal sum.

Provided, however, that if any such monthly payment shall remain in arrears and unpaid fifteen days after the date when the same shall become due as aforesaid, or if any breach or violation of any of the covenants, agreements, provisions or conditions in the mortgage deed securing this note shall occur and remain uncorrected for a period of fifteen days, then, and in any such event, the unpaid principal of this note, together with the unpaid interest thereon, shall immediately at any time thereafter at the option of the payee or holder hereof become due and payable without the necessity for any demand or notice.

The undersigned, at the option of the undersigned, may prepay on the 15th day of any month any part or all of the principal sum then unpaid, subject to the qualification, however, that no such partial prepayment of the principal sum shall in any way release, discharge or affect the obligation of the undersigned to continue to make monthly payments in the amount hereinbefore set forth on the 15th day of each month thereafter until the balance of said principal sum and interest have been paid in full and provided further that any such prepayment, if made before ...July...15......, 19 84 , with funds received from a refinancing of the mortgaged premises, shall be accompanied by an additional payment equal to ..5....% of the amount of the principal sum so prepaid as a consideration for the privilege of making such prepayment.

This note is described in and secured by a mortgage deed of even date herewith to

The New Haven Savings Bank on real estate known as 32 Medley Lane, Branford,

# To all People to whom these Presents shall come: —GREETING.

**KNOW YE, THAT** Harold H. vonHofe and Lenore vonHofe, husband and wife, both of the Town of Beverly Hills, County of County of LosAngeles, State of California, and Harold E. vonHofe and Kathleen M. vonHofe, husband and wife, both of the Town of West Haven, County of New Haven, and State of Connecticut,

hereinafter referred to as the "Grantor(s)",

for the consideration of FIFTY THOUSAND SIX HUNDRED AND NO/100-------------- Dollars ($ 50,600.00 )

received to their full satisfaction of The New Haven Savings Bank, a corporation specially chartered by the General Assembly of the State of Connecticut and located in the Town and County of New Haven, in said State of Connecticut, hereinafter referred to as the "Grantee", do give, grant, bargain, sell and confirm unto the said Grantee and unto its successors and assigns forever,

SCHEDULE A ATTACHED

Together with all hereditaments and appurtenances thereof, including all fixtures and equipment now or hereafter attached to or in any way used in connection with the occupation of said premises, including, but not limited to, all awnings, storm and screen windows and doors, window shades, oil burners, gas, steam, electric and other heating, plumbing, lighting, air conditioning and ventilating equipment, all of which are hereby declared and shall be deemed to be fixtures and an accession to the freehold and a part of the realty and to be subject to the lien of this mortgage.

**To Have and to Hold** the above granted and bargained premises, with the appurtenances thereof, unto the said Grantee, its successors and assigns forever, to its and their own proper use and behoof. And also the said Grantor s  do  for them  sel ves , and their  heirs, executors and administrators (its successors), covenant with the said Grantee, its successors and assigns, that at and until the ensealing of these presents,  they are  well seized of the premises, as a good indefeasible state in FEE SIMPLE; and ha ve good right to bargain and sell the same in manner and form as is above written, and that the same is free from all encumbrances whatsoever.

**And Furthermore,**  , the said Grantor s, do  by these presents bind them  sel ves  and their  heirs (its successors) forever, to WARRANT and DEFEND the above granted and bargained premises to the said Grantee, its successors and assigns, against all claims and demands whatsoever.

And the Grantors, for themselves and their heirs, executors, administrators (its successors) and assigns, covenant(s) with the said Grantee and its successors and assigns that:

1. The Grantors, together with and in addition to the monthly payments of principal and interest payable under the terms of the note secured hereby, agree(s) that there shall be added to each such payment and/or on the date hereof, an amount estimated by the Grantee to be sufficient to enable the Grantee to pay as they become due all taxes, special assessments and similar charges upon the premises covered by this mortgage, such sums to be held by the Grantee to pay the same before they become delinquent.

2. The Grantors will keep all buildings on said premises in good repair, and insured for the benefit of the Grantee against loss by fire and other hazards in such manner and in such companies and for such amounts as shall be satisfactory to the Grantee, all policies of such insurance to be first payable in case of loss to the Grantee and will deliver such policies to the Grantee and will deliver paid renewals thereof to the Grantee at least one week in advance of the expiration of the same. In the event the Grantors shall for any reason fail to keep said premises so insured, or fail to deliver the policies of insurance to the Grantee or fail to pay the premiums thereon, the Grantee if it so elects may have such insurance written and pay the premiums thereon, and any premiums so paid shall be secured by this mortgage and shall be repaid by the Grantors within ten days after payment by the Grantee.

3. The Grantors will pay a "late charge" equal to 4% of any payment provided for herein or in the note secured hereby if such payment is made more than 15 days after the due date thereof.

4. The Grantors will obtain the written consent of the Grantee before beginning to demolish, remove or substantially alter any building on said premises.

5. The note secured hereby shall become due and payable forthwith at the option of the Grantee if the Grantor shall convey away said premises or if the title thereto shall become vested in any other person or persons in any manner whatsoever and shall also become due and payable forthwith at the option of the Grantee if there shall occur any breach or violation of any covenant, agreement, provision or condition contained in any assignment that may have been made by the Grantors to the Grantee contemporaneously herewith of any lease or leases of all or any part or parts of said premises or of any rents to become due under such lease or leases.

6. The Grantee shall not be obligated to release, or be prevented from foreclosing or enforcing this mortgage upon all or any part of the property hereby mortgaged, unless and until the entire debt and all items hereby secured shall have been paid in full; and shall not be required to accept any part or parts of said property as distinguished from the entire whole thereof as payment of or upon the said debt to the extent of the value of such part or parts; and shall not be compelled to accept or allow any apportionment of the said debt to or among any separate parts of the said property.

7. Any reference herein to the said Grantee shall be deemed to include the successors and assigns of the Grantee.

8. All provisions and promises in the note secured hereby shall be and hereby are made and adopted as covenants of the Grantors and part of this deed.

9. The covenants herein contained shall be binding upon the Grantors, their heirs, executors, administrators (its successors) and assigns, and shall inure to the benefit of the Grantee and its successors and assigns.

10. The covenants herein contained shall be jointly and severally binding upon each and every Grantor, if there be more than one Grantor.

11. Whenever used herein, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

**In Witness Whereof,** the Grantors have hereunto set their hands and seals, or, if a corporation, has caused this instrument to be executed and delivered on its behalf and its corporate seal to be hereunto affixed by one of its officers thereunto duly authorized, this 21st day of June, A. D. 19 79.

**The Condition of This Deed is Such That,**

WHEREAS the Grantors are justly indebted to the Grantee in the sum of Fifty Thousand Six Hundred and no/100 Dollars ($50,600.00), as evidenced by the Grantor(s) promissory note of even date herewith, whereby, at the time and in installments as hereinafter stated, for value received, the Grantors (jointly and severally if

4.

VOL 208 PAGE 831

SCHDULE A:

all that certain piece or pracel of land, with the buildings and all other improvements now or hereafter placed thereon, situated in the Town of Branford, in the County of New Haven and State of Connecticut, known as Lot 10 on a Map entitled "Proposed Sub-division Ben Medley-Developer, owned by Ben and Wilma Medley, Scale 1" = 50', dated Nov. 3, 1954, W. F. Smith, Registered Surveyor" on file in the Branford Town Clerk's Office, and bounded and described as follows:

Beginning at a point on the Northerly line of Medley Lane, distant sixteen and 52/100 (16.52) feet Northwest of a monument;
THENCE   North 40 degrees 33 minutes 40 seconds East along Lot 9, a distance of two hundred ninety-five and 48/100 (295.48) feet to a point at land now or formerly of The Branford Steam Railroad Company;
THENCE   South 3 degrees 40 minutes 20 seconds West along land now or formerly of The Branford Steam Railroad Company, a distance of two hundred twelve and 13/100 (212.13) feet to a point;
THENCE   continuing in substantially the same direction in an arc, the radius of which is one thousand nine hundred twenty-five and 08/100 (1925.08) feet, for a distance of ninety-eight and 34/100 (98.34) feet;
THENCE   North 80 degrees 00 minutes 00 seconds West along Lot 11 for a distance of one hundred forty and 11/100 (140.11) feet to the Northerly line of Medley Lane;
THENCE   Northerly and Westerly along the Northerly line of Medley Lane in an arc, the radius of which is fifty (50) feet, for a distance of sixty and 13/100 (60.13) feet to a monument; and
THENCE   continuing in an arc, the radius of which is one hundred (100) feet, for a distance of sixteen and 52/100 (16.52) feet to the point or place of beginning.

Said premises are subject to certain restrictions contained in the warranty deed from The Alden M. Young Company to Richard G. Newton dated July 12, 1946, and recorded in Volume 121 on Page 93 of the Branford Land Records, except as the same have been modified by an Agreement made by and between Park Acres, Incorporated, Ben S. Medley and William L. Meffert, Jr., doing business as Meffert Lumber Company, and The Alden M. Young Company dated March 8, 1951, and recorded in Volume 134 on Page 541 of said Land Records.

Said premises are also subject to a grant in favor of Connecticut Light and Power Company by deed from Ben S. Medley and Wilma Medley dated January 24, 1954 and recorded in Volume 150 on Page 103 of said Land Records.