UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:01cv02290 (MRK) |
| VS. | |
| ONE PARCEL OF PROPERTY LOCATED AT 32 MEDLEY LANE, BRANFORD, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, AND              Defendants [CLAIMANTS: HAROLD E. VON HOFE, AND KATHLEEN M. VON HOFE] | JUNE 7, 2005 |

## NOTICE OF APPEAL

The defendants, Harold E. Von Hofe and Kathleen M. Von Hofe hereby appeal from the judgment of the District Court on February 17, 2005 finding for the Plaintiff, and on May 31, 2005 in entering a judgment of forfeiture against the property and not setting aside the jury's verdict.

THE CLAIMANTS, KATHLEEN M. VON HOFE
HAROLD E. VON HOFE

BY_____
JONATHAN J. EINHORN, ESQ.
412 ORANGE STREET
NEW HAVEN, CONNECTICUT 06510
FEDERAL BAR NO. ct00163
203-777-3777

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was mailed, postage prepaid this 7th day of June, 2005 to:

| | |
|---|---|
| David X. Sullivan, Esq. Assistant U.S. Attorney 157 Church Street, 23rd Floor New Haven, CT 06510 | James Cirillo, Jr., Esq. 500 East Main Street, Suite 326 Branford, Connecticut 06405 |

_____
JONATHAN J. EINHORN

## **ADDENDUM A**

This is a civil forfeiture action brought against the family home of Harold and Kathleen Von Hofe.  It is alleged that the Defendant Harold Von Hofe was growing marijuana in his basement.  The Defendant Kathleen Von Hofe raised the innocent owner defense.  Neither Defendant was prosecuted by the federal government, but received minor penalties from the State court.  Neither defendant had a criminal record.  There is no evidence that any marijuana was sold.

A jury found for the plaintiff United States of America.  A post trial hearing was held as to whether or not the forfeiture was constitutionally excessive, in that the house was valued at $248,000.00.  Moreover, the Defendants had made an offer of judgment of $248,000.00.  The Court ruled that the forfeiture was not excessive.  See attached Memorandum of Decision.

## **ADDENDUM B**

1. Should the issue of excessive and disproportionate punishment be left to the jury?
2. Should the jury have heard evidence of Defendant's offer of judgment?
3. Did the Court err in finding that he Government's conduct did not violate the Eighth Amendment as being excessive and disproportionate, both in light of the offer of judgment and in the severity of the crime?