UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|        Plaintiff, : | |
|        v. : | Civil No. 3:01CV2290 (MRK) |
| ONE PARCEL OF PROPERTY : | |
| LOCATED AT 32 MEDLEY LANE, : | |
| BRANFORD, CONNECTICUT, WITH : | |
| ALL APPURTENANCES AND : | |
| IMPROVEMENTS THEREON, : | |
|        Defendant. : | |
| [CLAIMANTS: KATHLEEN M. VON : | |
| HOFE; HAROLD VON HOFE] : | |

## STIPULATION FOR COMPROMISE SETTLEMENT AND ORDER

In full and final satisfaction of any and all claims, demands, and liens from which PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), its agents, subrogees, successors, and assigns, now have against the above-referenced defendant property, the UNITED STATES and the CLAIMANTS, KATHLEEN VON HOFE and HAROLD VON HOFE ("CLAIMANTS"), and their agents, subrogees, successors, and assigns, by and through their respective counsel, hereby stipulate and agree to the compromise settlement of the above-referenced action, upon the terms and conditions set forth below and state as follows:

1.    That on December 6, 2001 a Verified Complaint of Forfeiture was filed by the UNITED STATES against the real property located at 32 Medley Lane, Branford, Connecticut ("Defendant Property") alleging that the property was used or intended to be used in some manner or part to commit or to facilitate the commission of a violation of the Controlled

Substance Act, 21 U.S.C. §§ 801 et seq., and is, therefore, subject to forfeiture to the UNITED STATES pursuant to 21 U.S.C. § 881(a)(7).

2. That on February 15, 2005, a jury in this case returned a verdict in favor of the UNITED STATES finding the Government had proven by a preponderance of the evidence that there was a substantial connection between the Defendant Property and illegal drug activity in violation of federal law punishable by more than one year imprisonment and that the jury found that Claimant Kathleen von Hofe had failed to prove by a preponderance of the evidence that she was an innocent owner of the Defendant Property.

3. That after conducting an Eighth Amendment Excessive Fines Hearing on February 17, 2005, the Court issued a Memorandum of Decision on May 31, 2005 finding that the forfeiture of the Defendant Property was not constitutionally excessive.

4. That on June 10, 2005, CLAIMANTS filed a Notice of Appeal with the United States Court of Appeals for the Second Circuit ("Second Circuit").

5. That on June 27, 2007, the Second Circuit issued an opinion affirming the District Court's decision forfeiting Claimant Harold Von Hofe's one-half interest in the Defendant Property but also reversing the District Court's decision forfeiting Claimant Kathleen Von Hofe's one-half interest in the Defendant Property and remanding the case to the District Court for further proceedings as to Claimant Kathleen Von Hofe's one-half interest.

6. That the CLAIMANTS and the UNITED STATES agree that in lieu of forfeiture of the Defendant Property, the CLAIMANTS will pay and hereby agree to the forfeiture of ONE HUNDRED SIXTY THOUSAND DOLLARS ($160,000.00) to the UNITED STATES in the above-referenced forfeiture action.

7. That the UNITED STATES agrees that it will file a Motion for Amended Decree of Forfeiture as to CLAIMANTS' interests in the Defendant Property and to the substitution of the cash sum of ONE HUNDRED SIXTY THOUSAND DOLLARS ($160,000.00) to be forfeited in lieu of the interests of both CLAIMANTS in the Defendant Property.

8. That the CLAIMANTS further agree that neither they nor any current or future agents, representatives, subrogees, assigns or successors, shall appear in or pursue any action or proceeding at law or in equity to contest the forfeiture of ONE HUNDRED SIXTY THOUSAND DOLLARS ($160,000.00) to the UNITED STATES in the above-referenced forfeiture action.

9. That the CLAIMANTS shall pay the sum of ONE HUNDRED SIXTY THOUSAND DOLLARS ($160,000.00) by bank or certified check payable to the United States Marshals Service within 30 days of the date that the Court approves this Stipulation and the Motion for Amended Decree of Forfeiture referenced in paragraph 7 above.

10. That upon the receipt of said ONE HUNDRED SIXTY THOUSAND DOLLARS ($160,000.00), the UNITED STATES will record a Release of Lis Pendens on the Branford land records.

11. That the CLAIMANTS hereby release and forever discharge the United States of America, the Drug Enforcement Administration, the United States Marshals Service, and the Branford Police Department, and their officers, agents, servants, and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which claimants, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and forfeiture of the Defendant, one parcel of property

located at 32 Medley Lane, Branford, Connecticut, with all appurtenances and improvements thereon.

12. That the CLAIMANTS further agree to hold and save the United States of America, the Drug Enforcement Administration, the United States Marshals Service, and the Branford Police Department, and their servants, employees, heirs, successors, or assigns harmless from any claims by any others, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the seizure, detention, and forfeiture of the Defendant, one parcel of property located at 32 Medley Lane, Branford, Connecticut, with all appurtenances and improvements thereon.

13. This Stipulation for Compromise Settlement shall not constitute an admission of liability or fault on the part of the UNITED STATES, its officers, agents, servants, or employees, or on the part of the CLAIMANTS, and is entered into by all parties for the purpose of compromising disputed claims and avoiding the further expense and risk of litigation.

14. The UNITED STATES and the CLAIMANTS agree to bear their own costs and attorneys' fees, and to execute and/or consent to, any additional documentation necessary to implement the terms of this stipulated agreement and in the related forfeiture action.

UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

Dated: 11-21-07

By: *John B. Hughes*
JOHN B. HUGHES
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET, 23RD FLOOR
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct05289

Dated: 11-21-07

*David Sullivan*
DAVID X. SULLIVAN
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET, 23RD FLOOR
NEW HAVEN, CT 06510
(203) 821-3700
FEDERAL BAR # ct03793

ATTORNEYS FOR THE PLAINTIFF
UNITED STATES OF AMERICA

Dated: 11-8-07

JONATHAN J. EINHORN
412 ORANGE STREET
NEW HAVEN, CT 06511
(203) 346-5554

ATTORNEY FOR THE CLAIMANT
KATHLEEN VON HOFE

5

Dated: 11-8-07

_____
KATHLEEN VON HOFE
CLAIMANT

Dated: 11-8-07

_____
JAMES F. CIRILLO, JR.
500 E. MAIN STREET, SUITE 326
BRANFORD, CT 06405

ATTORNEY FOR THE CLAIMANT
HAROLD VON HOFE

Dated: 11-8-07

_____
HAROLD VON HOFE
CLAIMANT

6

CERTIFICATION

This is to certify that a copy of the within and foregoing Stipulation for Compromise Settlement was sent via first-class United States mail this __2/__ day of ~~October~~, 2007 to:
*Nov.*

Jonathan J. Einhorn, Esq.
412 Orange Street
New Haven, CT 06511

James F. Cirillo, Jr., Esq.
500 E. Main Street, Suite 326
Branford, CT 06405

_____
JOHN B. HUGHES